[No. 14726. Department Two. September 3, 1918.]

ENOCH E. MATHISON, *Respondent*, v.
WILLIAM ANDERSON *et al.*,
*Appellants.*[1]

APPEAL—STATEMENT OF FACTS—STRIKING—TIME FOR MOTION. A motion to strike a statement of facts and dismiss an appeal, not filed until the case was called for hearing, is too late.

CONSPIRACY—DAMAGES—EVIDENCE—SUFFICIENCY. An action for damages for conspiracy to injure plaintiff's business is not sustained, where there was no evidence that plaintiff's business was injured by the acts complained of, and it appears that the suit was not the result of any injury done, but plainly brought to annoy defendants.

Appeal from a judgment of the superior court for Wahkiakum county, Hewen, J., entered July 31, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*J. Bruce Polwarth* and *William Stuart,* for appellants.

*Enoch E. Mathison* and *James H. McMenamin,* for respondent.

MOUNT, J.—This action was brought to recover damages by reason of an alleged conspiracy between the defendants to injure the reputation and business of the

[1]Reported in 174 Pac. 642.

plaintiff. The complaint alleged that the defendants, being postmaster and assistant postmaster at Deep River, in Wahkiakum county, unlawfully opened plaintiff's mail and thereby became possessed of information about plaintiff's business, and thereby destroyed a lucrative logging business and prevented plaintiff from successfully establishing a line of steamers between Deep River, Washington, and Astoria, Oregon; that, by reason of defendants' opening plaintiff's mail, plaintiff was compelled to obtain mail at other post-offices, to his great expense and damage. The complaint prayed for damages in the sum of $62,945. The allegations of the complaint were denied, and the case came on for trial before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $835. The defendants have appealed from that judgment.

A large number of errors are assigned, some of which are meritorious. It will be necessary to consider but one of these, to the effect that there was no evidence upon which the case could be submitted to the jury. The respondent has filed no brief upon the merits of the case. He was content to file a belated motion to strike the statement of facts and dismiss the appeal. Aside from the fact that the motion was not filed until the case was called for hearing upon the merits—and was therefore too late—there is no merit in the motion. At the trial there was no evidence whatever that there was any conspiracy between the appellants to injure the respondent, or for any other purpose. There was some evidence that one of the appellants had unlawfully opened some letters addressed to the respondent, but there is no evidence to show that any damage to the respondent flowed, or could reasonably flow, therefrom. The re-

spondent attempted to testify that he was engaged in a profitable logging business which afterwards resulted in failure, and that, at one time, he attempted to engage a steamboat company to run in opposition to a steamer in which appellants owned an interest; but the evidence of the respondent showed that the logging business was not profitable at any time and failed not because of any act of the appellants. The same is true of the steamboat company, which failed because the company did not procure money to establish the business, and for no other reason. The evidence of the respondent showed that, at one time, he had a quarrel with one of the appellants, and that thereafter he was afraid of his life by reason of threats. His evidence showed that his own conduct brought about the quarrel, and that, after that time, he did business with the appellants by purchasing groceries and merchandise on credit, and afterwards gave his note for that indebtedness. The respondent also testified that he made numerous trips to Portland and Astoria, Oregon, and Seattle and Tacoma, Washington, and paid out a large sum of money as expenses. It is apparent that these trips were not caused by anything done or said by the appellants.

The writer of this opinion, after reading the abstract of the record, resorted to the statement of facts, and is satisfied from a careful reading thereof that there was no evidence to submit to the jury upon the issues raised. The suit was not the result of any injury done to the respondent by the appellants, or either of them, but was plainly brought to annoy the appellants.

We are satisfied that the trial court should have dismissed the action upon appellants' motion at the close of the respondent's evidence.

The judgment is therefore reversed and the cause dismissed.

MAIN, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.

CHADWICK, J., concurs in the result.