[No. 2443.  Decided January 20, 1897.]

JULIA C. AMBROSE, *Respondent*, v. PHILIP B. GWINNUP *et al., Defendants*, D. W. FREEMAN *et al., Appellants.*

### DISMISSAL OF APPEAL — FAILURE TO FILE BRIEFS.

An appeal will be dismissed for failure of appellant to file his brief within the statutory time, when his only excuse is that he had been unable to get the brief out and printed within ninety days after service of appeal, owing to other business which demanded the attention of appellant's counsel.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge.  Appeal dismissed.

*D. W. Freeman*, and *T. E. Cade*, for appellants.
*William Hamilton*, and *Charles H. Hurlbut*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent brings a short record to this court, and upon such record bases her motion to dismiss the appeal herein and to affirm the judgment and decree in the lower court, for the reason that the briefs of appellants were not filed or served within the time required by law.

It is conceded that the time for filing briefs had ex-

pired prior to the serving of this notice to dismiss upon appellants by the respondent, and under the law and the former rulings of this court, the respondent would be entitled to the dismissal of the action, if no excuse were shown for the failure to file briefs within the legal time. The only showing made in extenuation is the following, which appears in the affidavit of appellants' attorneys, viz:

"That owing to other business which demanded the attention of counsel for appellants, they had been unable to get the appellant's brief out and printed within ninety days from and after the date of serving the notice of appeal."

We do not think that this is any justification at all. No facts are set forth from which the court can determine whether due diligence had been exercised by the attorneys for the appellants. There are some further assertions in the affidavit tending to show that there was an understanding between the attorneys for the appellants and the respondent that the time for filing the briefs should be extended; but, conceding the truthfulness of the statement made by the appellants, we do not think that there is sufficient showing of any stipulation of that kind, even if we could consider an oral stipulation made by the attorneys. And again, this alleged stipulation is denied by a counter affidavit of the respondent's attorney.

The motion will be sustained and the judgment affirmed with costs to the respondent.

ANDERS, GORDON and REAVIS, JJ., concur.