[No. 3158.   Decided March 29, 1899.]

THE NATIONAL CHRISTIAN ASSOCIATION *et al., Respondents,* v. CHARLES V. SIMPSON *et al., Appellants.*

APPEAL—TIME OF FILING BRIEFS—EXTENSION BY COURT.

The action of the lower court in granting an extension of time for the filing and serving of briefs on appeal, beyond the period prescribed by law, will not be disturbed, when there is no other showing of abuse of its discretion therein  than the fact that the extension was granted without notice to the adverse party.

APPEAL—TIME OF TAKING—WHEN BEGINS TO RUN.

The time within which an appeal may be taken from a final judgment begins to run from the date of its entry, whether the party desiring to appeal has notice thereof or not, under Laws 1895, p. 81, § 1 (Bal. Code, § 6502), which provides that in civil actions an appeal from any final judgment must be taken within

ninety days after the date of entry of such final judgment, and an appeal from any order other than a final order, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the appealing party or his attorney.

APPEAL—WHAT ORDERS APPEALABLE.

An order made by the court refusing to vacate and set aside a final decree in a cause is not appealable, as an order affecting a substantial right, under Laws 1893, p. 120, § 1, subd. 7 (Bal. Code, § 6500), which provides that any party aggrieved may appeal from any final order made after judgment which affects a substantial right.

Appeal from Superior Court, Whitman County.—Hon. E. M. WARNER, Judge *pro tem.* Appeal dismissed.

*T. P. & C. C. Gose,* and *M. F. Gose,* for appellants.

*Trimble & Pattison,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellants move to strike from the files of this court the briefs of the respondent, The Woman's Baptist Foreign Missionary Society of Oregon, for the reason that it did not serve and file, or serve or file, with the clerk of the superior court in which this action was tried, and in which this appeal is taken, the number of briefs required by law, or any briefs, within the time required by law; and did not serve upon the appellants, or any of them, any brief or briefs, within the time required by law. It seems, however, that the respondent made application to the lower court for an extension of time to serve its briefs, which application was granted. It is contended by the appellants that they did not have notice of this application and, therefore, the action of the court in granting the extension was illegal and of no force or effect. But the statute provides that applications of

this character may be made to the lower court. The matter is very largely discretionary with the lower court, and, unless there was a plain abuse of discretion, this court would not feel justified in interfering with its action, and we do not think there has been any abuse of discretion in this case.

The case of *Ambrose v. Gwinnup,* 16 Wash. 333 (47 Pac. 737), cited by appellants in support of their motion to strike the briefs, was a case where the excuse for not filing the briefs within time was first offered in this court, and the court passed upon the merits of the case and found that the excuse was not sufficient. But that is altogether a different proposition from the one involved here, where the application was made and the extension granted by the lower court. The motion is therefore denied.

The respondent, The Woman's Baptist Foreign Missionary Society, moves to dismiss the appeal in this case, for the reason that the notice of appeal was not served within the time prescribed by law. The final judgment in the cause was signed by the court on the 2d day of June, 1898, and filed with the clerk of the court on the 4th day of June following. The notice of appeal was served upon the respondent on the 3d day of September, 1898, and filed on the same day. A computation of the time from June 4, 1898, to September 3d, 1898, will show, without any question, that the statutory time for giving notice of appeal had expired. Section 1 of chapter 49 of the laws of 1895 (Bal. Code, § 6502), which is an amendment to the law of 1893, provides that in civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment, and an appeal from any order, other than a final order from which an appeal is allowed by this act, within fifteen days after the entry of the order, if made at the time of hearing, and in all other cases within fifteen days

after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney.

A very extensive and earnest brief has been filed by the appellants in opposition to this motion to dismiss. It is not contended therein that the statutory time of ninety days from the time of the entry of the judgment had not expired, but it is insisted that, inasmuch as the findings of fact and the decree were filed simultaneously on the 4th day of June, 1898, the appellants did not have the benefit of the five days allowed them in which to file exceptions and objections to the findings of fact made by the court, and that consequently the time allowed by law for giving the notice should not begin to run until after such five days had elapsed; and, further, that the appellants were not notified of the entry of the judgment until after both the findings of fact and decree had been signed and filed. Appellants, however, were notified that the decree had been signed and filed, on the 7th of June, 1898, and the notice of appeal was not given, as we have before said, until the 3d of September following. We cannot give the statute cited above the construction which is evidently claimed for it by the appellants. No notice is required where the appeal is from a final judgment. Under the statute, the appeal from a final judgment must be taken within ninety days after the date of the entry of such judgment, and an appeal from any order, other than a final order from which an appeal is allowed by this act, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof upon the party appealing or his attorney. If it was the intention of the legislature to provide that notice must be given of the entry of any judgment or order, the language employed is ex-

ceedingly unfortunate, and all the latter part of the section would be meaningless. It was evidently the intention that litigants would take notice of the entry of final judgments, but that orders of other kinds should be called to the attention of the adverse party by notice. In any event, we do not think that this statute could be construed to save this appeal, for more than fifteen days had elapsed after the service of the notice which was actually given in this case; and the statute evidently means that, if the time for giving the notice of appeal has run, the appellant should have fifteen days after he had notice of the entry of the judgment in any case; and it was certainly not the intention of the statute to extend the time for filing the notice beyond the time required by law, if the appellant had received the fifteen days' notice before the time expired.

It is further contended by the appellants that the final order contemplated by the statute was the order made by the court refusing to vacate and set aside the decree entered on the 4th day of June, 1898, and that the same affected a substantial right of appellants, under Session Laws of 1893, p. 120, subd. 7 (Bal. Code, § 6500), which provides that any party aggrieved may appeal from any final order made after judgment which affects a substantial right. But we do not think that the order made by the court in this case was the kind of an order contemplated by the statute at all, and that the judgment appealed from here is the final judgment rendered in the case. The cases cited by appellants to sustain their contention, we think, are not in point. It is earnestly insisted by the appellants that the appeal is meritorious, that the record is extensive, and that they have incurred great expense in preparing the appeal. But we are unable to take this into consideration in construing the law. The court always dismisses presumably meritorious appeals with regret,

but the law governing this case seems to be mandatory and so plain that, in our judgment, it is not susceptible of construction.

The respondent also moves to dismiss the appeal for the reason that the receiver was not served, and for the further reason that no sufficient bond was given. But, with the view we take of the proposition discussed, it is not necessary to consider these objections.

The appeal must be dismissed.

GORDON, C. J., and ANDERS and REAVIS, JJ., concur.