[No. 4030.   Decided October 7, 1901.]

BELLE QUARELES, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

JUDGMENTS — ENTRY — WHAT CONSTITUTES.

Where a copy of a judgment is filed with the clerk on the day of its rendition, though not spread on the journal until several days thereafter, such filing must be construed as the date of entry, under Bal. Code, § 4722, which provides that the clerk shall keep a journal in which he shall record the daily proceedings of the court and enter all orders and judgments, and § 5115, which provides that judgments shall be entered on the day when given, unless otherwise specified, and § 5119, which provides that "all judgments shall be entered by the clerk, subject to the direction of the court, in the journal." (ANDERS, J., dissents).

Appeal from Superior Court, King County.—Hon. W. R. BELL, Judge. Appeal dismissed.

*W. E. Humphrey* and *Edward Von Tobel,* for appellant.

*George B. Cole* and *H. S. Tremper,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is a motion to dismiss the appeal herein upon the grounds: (1) Insufficiency of the notice; (2) that the notice of appeal was not given within the time limited by law. Under the view we have taken of the motion, it is unnecessary to discuss the first ground thereof. It appears from the record that a motion for a new trial was overruled by the trial court on April 6, 1901; that the judgment was thereupon prepared by counsel, and signed by the court in the presence of counsel for both plaintiff and defendant, and a minute thereof made by the clerk; that the judgment, as signed, bearing the "O K" of counsel for appellant, was filed with

the clerk on the same day. An entry of the filing and of the receipt of the fee therefor was made in the clerk's cash book on April 6, 1901. The entry of said judgment in the execution docket bears date April 6, 1901. The entry in the journal bears date April 6, 1901. The entry in the appearance docket bears date April 9, 1901. Notice of appeal was served on July 6, 1901,—more than ninety days after April 6th. The notice of appeal describes the judgment as entered on the 9th of April. After the notice of appeal had been given, and upon motion of appellant "to show the correct date of the entry of the judgment," the trial court made a finding, which is certified to this court, "that said judgment was rendered and spread upon the said page of said journal by the clerk of this court on the 13th day of April, 1901; that the words at the top of said page 'Saturday, April 6, 1901,' is not the date when said judgment was spread upon said journal, but is the date upon which said judgment was signed and filed." The question presented here is, was this judgment entered at the time it was filed with the clerk, or at the time it was actually written upon the journal? There is a clear distinction between the making or rendering of a judgment and its entry. The judgment is made or rendered when the court announces it or signs the judgment, as is the common practice, and returns the signed judgment to counsel. It is entered when it is placed of record by the clerk. Section 4722, Bal. Code, provides:

"4. He [the clerk] shall also provide and keep a well bound book, to be called the order book or journal, in which he shall record the daily proceedings of the court, and enter all verdicts, orders, judgments, and decisions thereof, from which every morning shall be read in open court the proceedings of the previous day, which shall be signed by the judge."

Section 5115 provides:

"When a trial by jury has been had, judgment shall be entered in conformity to the verdict within five days after the filing of the verdict, unless a motion for a new trial shall have been filed, or unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings. In all other cases the judgment shall be entered on the day when it is given."

Section 5119 provides:

"All judgments shall be entered by the clerk, subject to the direction of the court, in the journal, and shall specify clearly the amount to be recovered, the relief granted, or other determination of the action."

The substance of these sections is that it is the duty of the clerk to enter the judgment in the journal on the day it is rendered, unless directed otherwise. It is the common practice, however, for attorneys to prepare the judgment entry and hand the same to the judge for his signature. When signed, it is returned to counsel, who thereafter pays to the clerk the fee which the statute requires for the rendition of the judgment; and the clerk thereupon files the judgment thus signed, and at his convenience copies the same into the journal as of the day of its filing. In this cause the judgment was filed on the same day it was rendered. When the judgment was signed by the court it was rendered, and, when it was filed by the clerk, became effective as a judgment. An execution might then have issued upon it. The fact that the clerk did not actually spread it upon the journal on that day, but waited seven days thereafter, did not delay the operation of the judgment for any purpose. The duty of copying the order was a ministerial duty, and imperative upon him. Under the statutes, *supra,* while the legislature may have recognized the distinction between the rendition of

a judgment and its entry, yet the latter was required to be done upon the same day as the former, so that for all practical purposes, if the law is complied with, the rendition and entry of the judgment are simultaneous in point of time; that is to say, they are both to be done on the same day. It is often impracticable, on account of accumulation of business, for the clerk to comply with this law at the time designated, and, since the actual entry of the judgment on the journal is but a mere ministerial duty, the judgment is not thereby avoided. To hold that a judgment is not entered when it is filed and that the clerk may keep it for a number of days thereafter, awaiting his convenience or pleasure in transcribing it upon the journal, would be to hold that it is within the power of the clerk to delay indefinitely the time in which an appeal may be taken, and to leave the actual entry uncertain, and resting in the memory of the clerk or his deputy who transcribes it, or, if the date it is actually written on the journal is the date of the entry, then the requirement that it shall be entered on the day it is given is rendered of no effect. Certainty will be maintained and confusion avoided by holding, as we do, that under the statute the judgment is entered at the time a copy thereof is filed with the clerk. See *National Christian Association v. Simpson,* 21 Wash. 16 (56 Pac. 844).

The motion to dismiss the appeal must be granted.

REAVIS, C. J., and FULLERTON and HADLEY, JJ., concur.

DUNBAR, J., not sitting.

ANDERS, J. (dissenting).—I am unable to acquiesce in the conclusion reached by my esteemed associates in this case. It is true that, when the judgment from which this appeal was taken "was signed by the court it was rendered

and became effective as a judgment," and "that an execution might then have issued upon it." But, in my opinion, the judgment would have been none the less effective if it had not been filed at all by the clerk.·In fact, no statute has been cited—and I know of none in this state—requiring the clerks of the superior courts to *file* judgments in any case. But, as shown by the statute quoted in the majority opinion, they *are* required to *enter* all judgments, subject to the direction of the court, in the journal, within a specified time. ·If, however, the clerk should fail to enter a judgment in the journal as required by law, such failure would not destroy or affect its validity as a judgment. It would still be the decision of the court upon the matter in controversy, and therefore a judgment. The sole object and purpose of the journal entry is ·to preserve the judgment in the form in which it was pronounced or *rendered* by the court, and not to give it additional force or validity. But the validity of the judgment appealed from is not in question upon this motion to dismiss the appeal. The vital question, and the only one which has been considered in the prevailing opinion of the court, is whether the appeal was, as a matter of fact, taken within the time limited by law. That it was competent for the legislature to prescribe the time within which an appeal from a judgment of a superior court may be taken to this court can hardly be doubted. And it seems to me that the legislature of this state has designated the time in language so plain and unambiguous that there can be no doubt as to its meaning. It is provided in § 6502, Bal. Code, that, "an appeal from any final judgment must be taken within ninety days after the *date* of the *entry* of such final judgment." Now, it clearly appears from the record in this case that the appeal was in fact taken within ninety days after the date of the entry of the judgment. And, that being true,

I am unable to see how it can be dismissed on the ground that it was not taken in time, without disregarding the specific terms of the statute. The mere fact that the clerk failed to enter this judgment in the journal within the time prescribed by law certainly ought not to deprive a litigant of his right of appeal, and yet, such, it would seem, is, in effect, the decision of the court. Moreover, the decision in this case is, in my judgment, a departure from the rule heretofore recognized by this court. See *Agassiz v. Kelleher*, 11 Wash. 88 (39 Pac. 223); *National Christian Association v. Simpson*, 21 Wash 16 (56 Pac. 844).

I think the motion should be denied.