[No. 1561, May 6, 1913.]

## S. S. HILLIARD, Appellee, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

### SYLLABUS (BY THE COURT).

1. A cause, dismissed upon motion of appellee, for failure of appellant to file and serve briefs, within the time required by rule of court XIII, will not be reinstated upon the docket, where the only showing made, excusing such default and failure to apply for an extension of time within which to file briefs was, that attorney for appellant had been engaged in the trial of cases almost continuously in the District Court.

2. Where a party has failed to file briefs, within the time required, the order of dismissal goes as a matter of course, upon motion of the other party, and no notice need be given to the party in default.

Appeal from District Court, Socorro County.

### OPINION OF THE COURT.

ROBERTS, C. J.—This is an application to reinstate this cause upon the docket and to grant to appellant further time within which to file briefs. The cause was dismissed, upon motion of appellee, without notice to appellant, because of the failure of appellant to file and serve briefs, within the time required by rule XIII of this court. Subdivision 4 of this rule requires the appellant to file with the clerk of this court, ten printed copies of his brief, where the same is required to be printed, and to serve upon the adverse party, his attorney or counsel, two copies thereof, within thirty days after the original transcript of record is filed in the office of the clerk of this court. Subdivision 8 of this rule provides that, "When the ap-

pellant or plaintiff in error has failed to file and serve his brief as required by these rules, the appellee or defendant in error may have the cause dismissed, or may submit it."

Appellant's counsel asks that the cause be reinstated upon two grounds; first, that he had been so engrossed with other work in the district courts that he did not have time to complete, print and file briefs, and that he had no reason to believe that advantage would be taken of his default, and, second, that he was given no notice of the application by appellee to dismiss the cause.

Subdivision 7, of the above rule, provides for the granting of an extension of time within which to file briefs, where application is made for such extension, before the expiration of the time allowed by the rules, upon good cause shown. The court has been very liberal in granting such extension of time, upon a showing made, within the time, and had appellant's counsel applied for such an extension, before the expiration of his time within which to file his briefs, upon the showing made, it would probably have been granted. But a different proposition is presented, where a party is in default, and advantage is taken thereof by the other party. In such a case it would require a showing that such default occurred by reason of facts and circumstances not within the control of the defaulting party. Here the showing made is that counsel was engaged in the trial of other cases in the district court. Such a showing might excuse the failure to file briefs, but it certainly does not justify the failure to apply for an extension of time within which to file the same. It has been held that the fact that an attorney had "so much to do," is not a sufficient excuse for his failure to file his abstract and briefs as required by rules of the court. Smith v. Tenney, 60 Ill. App. 422; Sheperd v. Sheperd, 4 Wash. 615; Ambrose v. Gwinnup, 16 Wash. 333.

The second ground relied upon is likewise untenable. Where a party is in default, the order of dismissal goes as a matter of course, upon motion of the other party. It is somewhat in the nature of a default judgment, and no notice need be given to the party in default.

Territory v. Lobato, 17 N. M. 666.

The motion, therefore, will be denied, and it is so ordered.