[No. 15466.   Department One.   January 7, 1920.]

## O. R. RICHARDSON, *Respondent*, v. GREAT WESTERN MOTORS, INCORPORATED, *Appellant*.[1]

SALES (182)—CONDITIONAL SALES—REMEDIES OF SELLER—RETAKING POSSESSION—IMPAIRMENT OF SECURITY—EVIDENCE—SUFFICIENCY.   Before the vendor in a conditional sales contract can take possession of the property under the insecurity clause in the contract, it must show that the vendee had committed or was about to commit some act tending to impair the security, and it is not sufficient to show unpaid storage charges which did not impair the security.

TROVER AND CONVERSION (5)—ACTS CONSTITUTING—RETAKING POSSESSION BY CONDITIONAL SALE VENDOR.   The vendor in a conditional sales contract of an automobile wrongfully taking possession of the car, is guilty of a conversion.

SAME (11)—ACTIONS—CONDITION PRECEDENT—DEMAND.   Upon the wrongfully taking possession of property, no demand is necessary as a condition precedent to an action for a conversion.

SAME (8)—RIGHT OF ACTION—WAIVER.   The fact that a conditional sales vendee of an automobile, that had been wrongfully taken from him by the vendor, requested to be taken to it in order to get his license plates, does not constitute a waiver of his right to claim a conversion.

SAME (31) — DAMAGES FOR CONVERSION — MEASURE OF DAMAGES. The measure of damages for the wrongful conversion by a conditional sales vendor is the value of the property at the time of the conversion, less the balance of the unpaid purchase price, and it would be unnecessary to plead such balance as a counterclaim or set-off.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 24, 1919, upon findings in favor of the plaintiff, in an action for conversion, tried to the court.   Modified.

*Dan Earle*, for appellant.

*John F. Dore*, for respondent.

[1]Reported in 187 Pac. 333.

MAIN, J.—The purpose of this action was to recover damages for the conversion of an automobile. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and judgment sustaining the right to recover. From this judgment, the defendant appeals.

The facts out of which the litigation arose may be summarized as follows: On April 15, 1918, the appellant sold to the respondent an automobile upon a conditional sales contract. At the time of the sale, a portion of the purchase price was paid in cash and the balance, by the terms of the contract, was to be paid in installments falling due on the 15th day of each succeeding month. The payment which became due on December 15, 1918, was not paid on that date. On January 6, 1919, a representative of appellant called at the bank where the payments were to be made and ascertained that the December payment had not yet been made. Later during this same day the respondent called at the bank and made the payment. On January 7, the day following, the appellant took possession of the car and removed it to its garage. Approximately six weeks prior to this time the respondent had put the car in another garage. The automobile had been used as a jitney or for-hire car; the engine of the car was in a somewhat torn-down condition. Respondent had been working upon it at odd times during the six weeks mentioned. The contract contained a provision for forfeiture in case of default in the payments, and also a clause that the vendor (the appellant) should have a right to take possession of the car if it should "deem itself insecure." The provision with reference to forfeiture for nonpayment will not be further referred to, because, at the time the car was taken by the appellant, there was then no payment in default. The respondent instituted this action

before the 15th day of January, when the next pay-
ment became due. The appellant, after the January
payment became due and was unpaid, declared a for-
feiture of the contract.

The appellant first claims error in the exclusion of
evidence. Upon the trial it offered to prove that the
owner of the garage in which the car was stored where
the repairs were being made by the respondent had
complained to the officers or employees of the appel-
lant that the car was in his way, that the storage
charges were unpaid, and that he was unwilling that
it remain there longer. This offered evidence was ob-
jected to by the respondent and excluded by the court.
The purpose of offering it was to show that the appel-
lant was justified in taking possession of the car under
the insecurity clause in the contract. To justify the
appellant in taking possession under this provision it
was necessary for it to show that the respondent had
committed, or was about to commit, some act which
would tend to impair the security. It could not act in
a purely arbitrary manner. *Newlean v. Olson,* 22 Neb.
717, 36 N. W. 155, 3 Am. St. 286; *Skookum Lumber Co.
v. Sacajawea Lumber & Shingle Co.,* 107 Wash. 356,
181 Pac. 914, 187 Pac. 410.

From the evidence offered and rejected, the appel-
lant would not be reasonably justified in concluding
that the respondent had done, or was about to do,
some act which would impair the security. In the
argument it is claimed that the owner of the garage
in which the car was stored was threatening to set the
car out in the street if it was not taken away by the
appellant. The offers of testimony, however, do not
go to this extent. The evidence is only to the effect,
as above indicated, that the storage charges were ac-
cumulating; that the car was in the way; and that the
owner of the garage desired that the appellant take it

away. As to the storage charges, it only need be said
that the respondent contends, and the appellant con-
cedes, that such charges were subordinate to the rights
of the appellant under the contract. Their accumula-
tion would not impair the security.

The second point is that the appellant's acts did not
constitute conversion. The car was taken from the
garage in which it was stored and removed to the
garage of the appellant, and remained in its torn-down
condition. The evidence not being sufficient to entitle
the appellant to take possession of the car under the
insecurity clause in the contract, its taking was wrong-
ful and in violation of the rights of the respondent.
The taking being wrongful and without justification,
no demand was necessary as a condition precedent to
the right to maintain an action for conversion. There
is nothing in the evidence that would justify the con-
clusion that the respondent had acquiesced in the tak-
ing or waived his right to wage an action for conver-
sion without previously having made a demand. It
is true that, after the car had been taken by the appel-
lant, he went to its garage and requested an officer or
employee to accompany him to the room where the
automobile was stored, in order that he might get his
license plates. This circumstance, however, would not
amount to an acquiescence in the original taking, or a
waiver of his right to claim a conversion.

The respondent excepted to the findings and con-
clusions upon which the judgment was based, and now
claims that the damages awarded were not measured
by the correct standard. The trial court found that,
at the time of the conversion, the automobile was of
the value of $700. The evidence shows that there was
a balance of the purchase price which had not been
paid in the sum of $324. The rule is that, where the
conditional vendee sues the conditional vendor for con-

version, "he can recover only the value of the chattel less the unpaid portion of the price." 28 Am. & Eng. Ency. Law (2d ed.), p. 731. Under this rule the respondent was not entitled to recover $700, the value of the car at the time of the conversion, as found by the trial court. He was only entitled to the difference between $700 and $324, which would be $376. The respondent seeks to meet this objection by asserting that the appellant is now claiming an offset or counterclaim without having pleaded the same, but there is no element of counterclaim or offset in the appellant's position. The question on this branch of the case was the amount of damages which the respondent was entitled to recover. The appellant has a right to invoke the rule of law above stated and secure a reduction of the judgment. The cause will be remanded to the superior court with direction to enter a judgment in favor of the respondent in the sum of $376.

Judgment modified.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.