[No. 20063.    Department One.    April 4, 1927.]

VICK JARRED, *Appellant,* v. GROVER BURROWS *et al.,*
*Respondents.*[1]

[1] SALES (184)—TROVER AND CONVERSION (5, 28-1)—CONDITIONAL
SALES—REMEDIES OF BUYER—FORFEITURE.  Where the vendee
breached a conditional sales contract providing that it should
not sell or assign his interest or allow it to be seized, and it
was taken from an assignee by Federal officers on a liquor
charge, and later released to the vendor and a forfeiture claimed,
the vendee is not entitled to recover as for a conversion,
especially in the absence of proof of value and damage.

[2] SALES (184)—TROVER AND CONVERSION (31)—ACTION—MEASURE
OF DAMAGES.  In conversion, brought by the vendee against the
vendor in a conditional sales contract of an automobile, it is
incumbent on plaintiff to show that the value of the car ex-
ceeded the unpaid purchase price.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered February 20,
1926, upon findings in favor of the defendants, in an
action for conversion, tried to the court.  Affirmed.

*I. J. Bounds* and *W. G. Boland,* for appellant.

*Parker & Parker,* for respondent.

FULLERTON, J.—This action was brought by the ap-
pellant, Jarred, against the respondents, Burrows and
Larson, to recover for the conversion of an automobile.
The cause was tried by the court sitting without a jury,
and resulted in a judgment denying a recovery.

The record discloses that the respondents on May 9,
1925, sold to the appellant, under a contract of condi-
tional sale, a Ford touring car for the agreed price of
$520.85.  Of this sum, one hundred and fifty dollars was
paid at the time of the sale, and it was agreed that the
balance of the purchase price should be paid in monthly
instalments of twenty-five dollars each on the ninth day

[1]Reported in 255 Pac. 99.

of each and every month. The instalments for the months of June and July were paid. The instalment for the month of August was tendered on the day following its due date, but was not accepted by the respondents.

It further appears that the respondent, at the time of the purchase of the car, was working for one E. C. Slater, and that the car was taken by him to Slater's ranch. The appellant did not procure a license from the state department authorizing him to operate the car, but intrusted this duty, as he says, to Slater. Nor did Slater procure such a license. A license had theretofore been issued to Slater for another car, and the license plates he then received he placed upon the appellant's car. The appellant permitted Slater to use the car, and, while Slater was so using it, he was arrested by a Federal prohibition agent for the illegal transportation of intoxicating liquor. The car was seized by the agent at the time of the arrest, and was afterwards put into the possession of the respondents for safe keeping pending the further action by the Federal authorities. While the car was in their possession, the respondents gave the appellant oral notice that they had elected to forfeit the sale pursuant to the terms of the contract of sale, but did not serve a formal written notice to that effect until after the appellant had tendered the August payment. The Federal authorities did not attempt a forfeiture of the car, and subsequently released it to the respondents, who thereafter disposed of it to another person.

[1] The trial court found, and in our opinion the evidence warrants the finding, that as between Jarred and Slater, Slater was the actual owner of the car at the time it was seized by the Federal authorities. Aside from the fact that the appellant never procured a state license authorizing him to operate the car, and the

further fact that Slater was operating it in an unlawful business with his own license plates thereon at the time of its seizure, it was shown that Slater paid at least one of the monthly payments and that he manifested the principal interest in the endeavor to prevent a forfeiture of the car by the Federal authorities. There was no consent by the vendors to a transfer of Jarred's interest in the car to another. There was evidence, also, on the part of the respondents that the car, at the time of its retaking by the respondents, was of less value than the amount remaining due on the contract.

The contract of conditional sale contained the following provisions, namely:

"The vendee shall not permit the property to pass from the vendee's exclusive possession and control, nor shall the vendee assign or sell any interest in the property or in this contract, or permit the property to become subject to any lien or incumbrance without the written consent of the vendor, and shall not permit the property to be seized or levied upon, upon any valid claim against the property of vendee . . . Time and the performance of each and every covenant and condition of this agreement by the vendee are of the essence hereof, and upon the breach of any of said conditions . . . the vendor or its assigns may, without notice, at its option . . . declare this contract terminated, and retake possession of said property, with or without process of law and retain all payments theretofore made by vendee, as liquidated damages, and in such event the rights of the vendee hereunder or in said property shall immediately cease and determine . . ."

It was the opinion of the trial court that the appellant had breached the terms of the contract, and it was on this ground that it rested its judgment to the effect that he take nothing by his action. It made no finding with respect to the value of the car.

It is our opinion that the judgment can safely rest either on the ground stated by the court, or on the ground that the appellant has shown no damage by the taking. It was not enough that the plaintiff was not in default in his payments at the time the car was retaken by the respondents and a forfeiture declared. The other conditions of the contract, which we have quoted, were deemed by the parties as essential to the respondents' security, and we think it can hardly be successfully questioned that there was a breach of some of these.

[2] On the second proposition, we held in *Richardson v. Great Western Motors,* 109 Wash. 324, 187 Pac. 333, that the measure of damages in this sort of an action was the value of the chattel, less the unpaid portion of the purchase price. It was incumbent on the appellant, therefore, to show that the value of the car at the time it was retaken by the respondents was in excess of the unpaid part of the agreed purchase price. On this question he offered no evidence himself, and, as we have shown, the evidence from the other side was that it was then of less value than the unpaid part of such price.

The judgment is affirmed.

TOLMAN, MAIN, and MITCHELL, JJ., concur.