[No. 22786. Department One. October 30, 1930.]

H. C. JOHNSON, *as State Supervisor of Banking, et al., Appellants, v.* CALIFORNIA-WASHINGTON TIMBER COMPANY, *Respondent.*

CALIFORNIA-WASHINGTON TIMBER COMPANY, *Respondent, v.* H. C. JOHNSON, *as State Supervisor of Banking, et al., Appellants.*[1]

[1]Reported in 292 Pac. 418.

*Eggerman & Rosling* and *Arthur G. Cohen,* for appellants.

*Theodore B. Bruener* and *John C. Hogan,* for respondent.

TOLMAN, J.—The respondent has moved to dismiss this appeal on the ground that it was prematurely taken, and that it is insufficient and ineffectual to give this court jurisdiction of the cause.

The record before us indicates that the two above entitled cases were, at the opening of the trial below, by agreement of counsel consolidated for all purposes. No formal order to that effect was then made by the court, but since this motion was served, an order was entered by the trial court on October 3, 1930, which provides:

"Now, THEREFORE, the court being fully advised in the premises; hereby finds that the two above causes were tried by this court on May 8, 1930, on the theory and with the understanding that they had been consolidated for all purposes and the findings of fact, conclusions of law, judgments, proposed findings of fact, exceptions to findings given, exceptions to findings refused were all signed by the court on May 23, 1930, at the same time and with the understanding that the causes had been consolidated and were treated by the court as if but a single case was being tried and disposed of and

"IT IS THEREFORE ORDERED that the two above entitled causes be and the same are hereby consolidated for all purposes, this order to be effective as of May 8, 1930, and is based on finding of fact No. 11 signed herein on May 23, 1930."

The two causes must therefore be deemed as one for all purposes, including the rendition of the judgment and the giving of the notice of appeal.

On May 23, 1930, the trial court made findings of fact and conclusions of law and signed judgments in open court whereupon the appellant, according to the minute entry then made, "gave notice of appeal in open court from the entry of the decree and each and every part thereof." The findings and conclusions were immediately filed with the clerk and the judgments were then likewise tendered to the clerk for filing, but because of the failure on the part of the respondent to then pay the judgment fees, the judgments were not actually filed and entered by the clerk until some five days later.

This is the only notice of appeal given, and is the one now under attack. The statute, Rem. Comp. Stat., § 1719, provides:

"A party desiring to appeal to the supreme court under the provisions of this title may, by himself or his attorney, give notice in open court or before the judge, if the judgment or order appealed from is rendered or made at chambers, at the time when such judgment or order is rendered or made, that he appeals from such judgment or order to the supreme court, and thereupon the court or judge shall direct the clerk to make an entry of such notice in the journal of the court."

Rule X of this court, adopted January 14, 1927, 140 Wash. xlii (Rem. 1927 Sup., § 308-10) does not purport to and was not intended to affect this section of the statute. This court has always regarded the right to give oral notice of appeal as a valuable one to litigants and the exercise of it as a practice to be encouraged. The purpose of rule X was to shorten the time for appeal from the statutory period of ninety days to thirty days, and the only part of the statute

on appeal which was abrogated by the rule was the ninety-day provision.

The language of the statute, ''at the time when said judgment or order is rendered or made,'' as well as the necessities of the situation, compel the holding that this notice was given at the proper time. The evident purpose of the statute is that, when the judgment is signed, and when all parties are presumed to be present in court, an oral notice then given shall be binding upon them. The judgment must be signed before it can be filed, and the purpose of the statute would be defeated if it were to be held that the judgment must also be filed with the clerk of the court, and that thereafter the appealing party must return to the court room and give oral notice of an appeal. In all likelihood, his adversary would by that time have departed and thus oral notice would be no notice in fact, and the prevailing party in every action would be compelled to examine the clerk's minutes and to take notice of the minute entry made by the clerk in his absence.

It is manifest that the recent cases of *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900, and *State v. Crockett,* 158 Wash. 152, 290 Pac. 873, do not bear on such a situation. In the first mentioned case, a written notice of appeal was given some days before the judgment was signed, and the statute requires a written notice to be made after the *entry* of the judgment. It was there held that the written notice was prematurely given. In the second case mentioned, an oral notice of appeal was given when the court orally indicated what the sentence would be, but two weeks later the defendant was brought before the court in person and by counsel and a formal written judgment and sentence was then signed, but no oral or other notice of appeal was then

or afterwards given. Again it was held that the notice was premature. But here the final and written judgment was signed by the court and thereby "rendered or made," and thereupon the oral notice was given. That was full compliance with the terms of the statute and was sufficient. We have never held otherwise.

Some point is made that the oral notice of appeal refers to "the decree" instead of to the judgments which were then signed. Even so, the entry of the notice immediately follows the title of both of the consolidated cases and should be held to refer to the judgment or decree in each. Counsel seems to argue that the oral notice in fact specified both judgments, but of course we are bound by the record. Still, a mere informality in the language orally used or on the part of the clerk in making an insufficient abstract thereof ought not to defeat the right of appeal where it appears that the opposite party has not suffered thereby.

The motion to dismiss the appeal is denied.

MILLARD, HOLCOMB, PARKER, and MAIN, JJ., concur.