[No. 23215. Department One. February 3, 1932.]

R. D. LAWS, *Respondent*, v. COMMERCIAL CREDIT COMPANY, *Appellant*.[1]

*Douglas D. Mote,* for appellant.

*A. B. Bell,* for respondent.

HERMAN, J.—Plaintiff sued defendant on two causes of action, the first claim being based upon the conversion of an automobile, and the second being predicated upon the conversion of a trunk which, at the time of the repossession, contained fishing tackle and other articles. The cause came on for trial before the court, sitting without a jury, and judgment was entered for plaintiff in the sum of $565 on the first cause of action, and for two hundred dollars on the second cause of action. Defendant appealed.

Respondent introduced testimony which showed that, at the time he purchased the automobile, he had made an initial payment of $465 to the Columbia Motors Company, of Longview, Washington, and had made subsequent monthly payments to appellant until the entire amount paid by him on account of the purchase of the automobile was $1,040.87. May 15, 1930, there became due another of the eighteen

[1]Reported in 7 P. (2d) 606.

monthly payments on the automobile of $58.43 each, provided for by the conditional sales contract, which payment remained delinquent until May 22, 1930, when a representative of appellant called on respondent and demanded either the unpaid balance due by the terms of the contract, or the surrender of the automobile under the terms of the conditional bill of sale.

Respondent produced a witness who corroborated his story that he asked appellant's representative how much the unpaid balance due under the terms of the conditional bill of sale amounted to, and that respondent's agent said he did not know. According to respondent and his witness, respondent then rebuked appellant's representative for doing business in such a fashion, whereupon appellant's representative agreed not to repossess the automobile then and there, but to put it in the Richmond garage and hold the car, giving respondent until the following Tuesday night to pay the amount due. Appellant's representative denied that he agreed to an extension of time, denied he told respondent the car would be kept at the Richmond garage, and testified that he told respondent he would take the car to the Manley garage.

About May 24, 1930, the Saturday prior to the day on which, according to respondent's contention, appellant's representative had allowed him to pay the amount due, the automobile was taken from the state of Washington to Portland, Oregon, where it was sold during the early part of June, 1930.

The trial court, which had the advantage of seeing and hearing the witnesses testify, found that appellant had converted respondent's automobile. The testimony in the case also showed that, at the time of the conversion, there was a trunk fastened with clamps to the automobile, and that the trunk contained some

very valuable fishing tackle and other small articles of personal property belonging to respondent. There was evidence introduced which justified the trial court in finding that the value of the fishing tackle, the trunk, and the other personal property of respondent, was two hundred dollars, and that respondent was damaged to that extent by reason of the conversion of such personal property.

Respondent introduced no testimony to support his claim for damage arising out of the first cause of action. Judgment for a particular sum cannot be awarded him on his first cause of action, in the absence of testimony showing that he suffered some damage. In his memorandum opinion, delivered after all of the testimony had been introduced, the trial court correctly stated: ''There is no testimony as to what the car was actually worth.'' In *Richardson v. Great Western Motors*, 109 Wash. 324, 187 Pac. 333, the court said:

''The rule is that, where the conditional vendee sues the conditional vendor for conversion, 'he can recover only the value of the chattel less the unpaid portion of the price.' 28 Am. & Eng. Ency. Law (2d ed.), p. 731.''

There having been no testimony as to what the car was worth, it necessarily follows that there is no evidence before the court from which respondent's damages arising out of the conversion of the automobile can be ascertained. There having been a failure of proof as to respondent's damages on his first cause of action, we must hold that that cause of action has failed.

Reversed and remanded, with instructions to dismiss respondent's first cause of action and to enter judgment for respondent in the amount awarded re-

510

spondent by the trial court on the second cause of action.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.