[No. 27707. Department One. October 11, 1939.]

JAMES OLSON, *Respondent*, v. A. G. SCHAEFER et al., *Appellants.*[1]

[1]Reported in 94 P. (2d) 480.

*Wallace G. Mills,* for appellants.

*J. W. Graham,* for respondent.

MILLARD, J.—Plaintiff purchased an automobile on conditional sales contract in December, 1937, from A. G. Schaefer. The purchase price of the automobile was $530.56, of which the vendee paid $180 at the time of the execution of the sales contract and obligated himself to pay thereafter sixteen monthly installments of $21.91 each, commencing March 2, 1938. Two monthly installments were paid by the vendee. Subsequent installments were never paid by the vendee.

On June 13, 1938, a representative of the vendor was permitted by the vendee to take the automobile from Shelton, where the vendee resided, to the vendor's place of business in Olympia, under an agreement that the possession of the automobile would be retained by the vendor for fifteen days, within which period the vendee would be given an opportunity to pay the delinquent installments and regain possession of the automobile. If the defendant failed within the period stipulated to pay the delinquent installments, all interest of the vendee in the automobile would be forfeited. Six days prior to the expiration of the stipulated period for redemption of the automobile, the vendee called at the vendor's place of business with a friend, who stated that he was willing to pay the delinquent installments for the vendee in consideration of the assignment to him of the vendee's interest in the conditional sales contract. Prior to that date, the vendor sold the automobile to a third party. The vendor refused to substitute any other automobile or to refund the payments made under the conditional sales contract. Thereupon, the vendee brought this action against the

vendor to recover, for the wrongful conversion of his automobile, the amount of $223.82, paid by him under the contract.

The cause was tried to the court, which found that plaintiff was entitled to recover the amount paid by him under the conditional sales contract. Judgment was entered accordingly. The vendor appealed.

On the ground that it was prematurely taken, the respondent has moved to dismiss the appeal. The record contains a transcript of the minutes of the clerk of the superior court for Thurston county bearing date May 1, 1939, reciting that, referring to this action,

"This matter before the court upon defendant's motion in arrest of judgment, presented by defendants' counsel Wallace G. Mills, Plaintiff represented in court by his counsel, J. W. Graham. The court heard argument of counsel on his motion, and being duly advised, motion was denied. Findings of Fact and Conclusions of Law and Judgment, as presented by Mr. Graham, signed and entered. Upon judgment being signed by the court, Mr. Mills gave oral notice of appeal. John M. Wilson, Judge."

It appears, however, that, while the findings of fact, conclusions of law, and judgment, prepared and presented by counsel for the respondent, were signed by the trial court May 1, 1939, they were not "entered" on that date. The findings of fact, conclusions of law, and the judgment, all of which were signed by the trial court May 1, 1939, were received by the clerk of the superior court by mail from respondent's counsel May 8, 1939, and were filed and entered on that date; those papers were never in the possession of the clerk prior to May 8, 1939.

Rule V, Rules of the Supreme Court, 193 Wash. 4-a, provides that, in civil actions, an appeal from any final judgment must be taken within thirty days after the

date of the entry of such final judgment. Rem. Rev. Stat., § 1719 [P. C. § 7293], provides:

"A party desiring to appeal to the supreme court under the provisions of this title may, by himself or his attorney, give notice in open court or before the judge, if the judgment or order appealed from is rendered or made at chambers, at the time when such judgment or order is rendered as made, that he appeals from such judgment or order to the supreme court, and thereupon the court or judge shall direct the clerk to make an entry of such notice in the journal of the court. If the appeal be not taken at the time when the judgment or order appealed from is rendered or made, then the party desiring to appeal may, by himself or his attorney, within the time prescribed in section 1718, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to the supreme court, . . ."

In *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389, we held that, when a judgment is signed by the court it is *rendered,* and when it is filed by the clerk it becomes effective as a judgment. We said:

"There is a clear distinction between the making or rendering of a judgment and its entry. The judgment is made or rendered when the court announces it or signs the judgment, as is the common practice, and returns the signed judgment to counsel. It is entered when it is placed of record by the clerk."

The judgment was "rendered or made" on May 1, 1939, when the court signed that judgment and returned same to counsel for respondent. At that time, counsel for appellant "gave oral notice of appeal." Clearly, counsel was appealing from the judgment that the court had signed and that notice was given at the proper time.

"The evident purpose of the statute is that, when the judgment is signed, and when all parties are presumed to be present in court, an oral notice then given shall

be binding upon them. The judgment must be signed before it can be filed, and the purpose of the statute would be defeated if it were to be held that the judgment must also be filed with the clerk of the court, and that thereafter the appealing party must return to the court room and give oral notice of an appeal. In all likelihood, his adversary would by that time have departed and thus oral notice would be no notice in fact, and the prevailing party in every action would be compelled to examine the clerk's minutes and to take notice of the minute entry made by the clerk in his absence." *Johnson v. California-Wash. Timber Co.*, 159 Wash. 214, 292 Pac. 418.

The fact that, after the judgment was rendered, at which time oral notice of appeal was given, counsel for respondent did not file same immediately with the clerk, does not render ineffective appellant's notice of appeal. In *Johnson v. California-Wash. Timber Co.*, 159 Wash. 214, 292 Pac. 418, the appellant gave oral notice of appeal at the time the judgment was signed in open court. The findings and conclusions were immediately filed with the clerk. While the judgment was likewise tendered to the clerk for filing, same was not actually filed and entered by the clerk until five days later, because of the failure on the part of the respondent to then pay the judgment fees. We held that the oral notice of appeal given at the time the findings and judgment were signed, but before the judgment was filed with the clerk, was not premature. This is in harmony with *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389.

The motion to dismiss the appeal is denied.

The argument of appellants' counsel for reversal of the judgment is based on a number of grounds. It is unnecessary, however, to discuss all of them in view of our disposition of the appeal.

Recovery is sought by respondent for the conversion of his automobile. He alleged that he was

damaged in the amount of $223.82, the aggregate of his payments under the conditional sales contract.

The measure of damages for the wrongful conversion by conditional sales vendor is the value of the property at the time of the conversion less the balance of the unpaid purchase price. *Richardson v. Great Western Motors*, 109 Wash. 324, 187 Pac. 333.

In *Laws v. Commercial Credit Co.*, 166 Wash. 507, 7 P. (2d) 606, one of the causes of action was to recover for the conversion of an automobile held under a conditional sales contract. The purchaser introduced testimony of payments in excess of one thousand dollars under the contract, but he failed to offer any evidence as to the value of the car at the time of the conversion. We held that, as there was no evidence as to what the automobile was worth at the time of the conversion, there was a failure of proof as to the purchaser's damages.

The judgment is reversed, and the cause remanded with direction to the trial court to dismiss the action.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.