[No. 8253.  Department One.  December 7, 1909.]

EUGENE D. LINDSAY *et al.*, *Appellants*, v. J. C. SCOTT *et al.*, *Respondents*.[1]

APPEAL—NOTICE—TIME FOR TAKING—NOTICE OF JUDGMENT. The time for taking an appeal from a final judgment runs from the date of the entry of the judgment, and appellant is chargeable with notice of the date.

APPEAL—STATEMENT OF FACTS—TIME FOR FILING. The time for filing a proposed statement of facts runs from the entry of judgment.

TRIAL—NOTICE OF FINDINGS AND JUDGMENT—EXCEPTIONS—TIME FOR TAKING. Notice of the findings and entry of judgment need not be given, as exceptions may be taken until five days after notice is received.

APPEAL—REVIEW—VACATION OF DECREE—DISCRETION. The denial of a motion to vacate findings and a decree will not be reviewed where no abuse of discretion is shown.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered November 25, 1908, upon findings in favor of the defendants, in an action to quiet title, after a trial on the merits.  Dismissed.

*S. J. White*, for appellants.

*Hulbert & Husted*, for respondents.

RUDKIN, C. J.—This was an action to quiet title to certain lands in Snohomish county.  On the 25th day of November, 1908, final judgment was entered in favor of the defendants.  On February 27, 1909, the plaintiffs moved the court to vacate the findings of fact, conclusions of law, and judgment, on the ground that the plaintiffs had no notice of the signing thereof, and were denied the benefit of exceptions thereto.  On April the 7th, 1909, this motion was denied, and on the same day exceptions to the findings of fact upon which the final judgment was based were filed.  On

[1]Reported in 105 Pac. 462.

April 24, 1909, a proposed statement of facts on appeal was filed. On May 29, 1909, notice of appeal from the final judgment, and also from the order denying the motion to vacate the findings of fact, conclusions of law, and judgment, was given.

Respondents have moved to dismiss the appeal and to strike the statement of facts, because the appeal was not prosecuted within the time limited by law, because the statement of facts was not filed within the time limited by law, and because the exceptions to the findings of fact were not filed within the time limited by law. The motion to dismiss the appeal from the final judgment and the motion to strike the statement of facts must be granted. The ninety days allowed by law for prosecuting an appeal from a final judgment commences to run from the date of the entry of the judgment, and the appellant is chargeable with notice of that date. In other words, the time is fixed absolutely by statute and runs independent of any question of notice to parties desiring to appeal. Bal. Code, § 6502; *National Christian Ass'n v. Simpson*, 21 Wash. 16, 56 Pac. 84. The time for filing a proposed statement of facts or bill of exceptions begins to run from the same date. Bal. Code, § 5062.

With the appeal from the final judgment dismissed and the statement of facts stricken there is nothing before us to review. The appellants were not entitled to notice of the time and place of signing the findings of fact, conclusions of law, or judgment, as a matter of law, nor were they deprived of the benefit of exceptions for want of notice. The right to except continues until the lapse of five days after notice of the filing of the findings, under the express terms of the statute, and repeated rulings of this court. Bal. Code, § 5052. *Kinkade v. Witherop*, 29 Wash. 10, 69 Pac. 399; *Mann v. Provident Life & T. Co.*, 42 Wash. 581, 85 Pac. 56.

And if we assume that the order denying the motion to vacate the findings of fact, conclusions of law, and judgment is appealable, and that the appeal was prosecuted within the

time limited by law, the appeal presents no question subject to review here. The motion was addressed to the discretion of the trial court and no abuse of discretion is shown. Appeal dismissed.

FULLERTON, GOSE, MORRIS, and CHADWICK, JJ., concur.