[No. 14726.  *En Banc.*  July 22, 1919.]

ENOCH E. MATHISON, *Respondent,* v. WILLIAM
ANDERSON *et al., Appellants.*[1]

APPEAL (173)—TIME FOR TAKING—COMMENCEMENT OF PERIOD. The
time for taking an appeal commences to run from the time the
judgment is filed and marked filed and entered on the appearance
docket, and not from the date of its actual recording.

APPEAL (498)—RECALL OF REMITTITUR—JURISDICTION.  Where the
supreme court did not acquire jurisdiction because the appeal was
not taken within ninety days, the remittitur may be recalled to
hear a motion to dismiss, filed but not properly presented to the
court at the time set for hearing.

Appeal from a judgment of the superior court for
Wahkiakum county, Hewen, J., entered July 31, 1917,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort.  Dismissed.

*J. Bruce Polwarth* and *William Stuart,* for appel-
lants.

*Enoch E. Mathison,* for respondent.

ON PETITION TO RECALL REMITTITUR.

MITCHELL, J.—In this case an opinion was filed [103
Wash. 449, 174 Pac. 642] reversing the judgment of
the lower court.  Subsequently, upon application and
showing made by the respondent, within a few days
after the remittitur was sent down to the lower court,
an order was made on February 24, 1919, recalling the
remittitur that we might further consider the question
of the court's jurisdiction to entertain the appeal.  The
point made by respondent is that the notice of appeal
was not given within ninety days after the entry of
the final judgment.  At the hearing of the appeal on
June 18, 1918, this court was not provided with any

[1]Reported in 182 Pac. 622.

brief by respondent whereby our attention could have been orderly called to any lack of jurisdiction. It happened, however, that a few days prior to June 18, 1918, respondent had served and filed a motion to strike the statement of facts and dismiss the appeal and noticed it for hearing on June 18th, which was not a regular motion day. The motion was not presented to the court on that day. In the application for the recall of the remittitur, respondent called attention to the fact that, in the motion to strike the statement of facts above referred to, there was also included, as a ground for dismissal, a reference to the fact that the notice of appeal was not given within ninety days from the date of the entry of the judgment, and in this application made plain the facts and records upon which that contention was based.

After the order was made recalling the remittitur, respondent served and filed another motion to dismiss the appeal, duplicating, in effect, the contents of his petition to recall the remittitur on the ground that the notice of appeal was not served within ninety days, thus reminding us of what we were already aware, that the remittitur was recalled, "that the jurisdiction of this court to pass upon the case be further considered by the court."

We have considered the point involved as it appeared at the date of the order and as the same still appears. The affidavits in behalf of both parties used on the hearing of the petition to recall the remittitur cleared away the confusion thertofore existing concerning the fact that the county clerk, whose affidavits have been used on the hearing of all the motions, understood that the act of the actual recording of the final judgment and not the date of its being filed constituted its entry under the terms of the appeal statutes. It clearly appears now that the final judgment

was signed by the trial judge and filed and marked filed and entered on the appearance docket by the clerk on July 31, 1917, and that, on the ninety-first day thereafter, to wit, October 30, 1917, the notice of appeal was given. Under Rem. Code, § 1718, and upon the authority of many cases in this court, such as *Crawford v. Seattle, Renton & Southern R. Co.,* 92 Wash. 670, 159 Pac. 782, the notice of appeal was not given in time to confer jurisdiction upon this court.

There is no alternative but to set aside the former opinion of this court in the case and to dismiss the appeal; and it is so ordered.

MOUNT, TOLMAN, FULLERTON, MAIN, and MACKINTOSH, JJ., concur.

HOLCOMB, C. J. (concurring)—Although compelled by the state of the case to do so, I concur in the above result with great reluctance, because the judgment appealed from was a most ill-founded one, and our former judgment of reversal was eminently correct. Moreover, the procedure of counsel for respondent was exceedingly inapt and highly untimely. The ''juggling'' of the record below, so as to confuse it, was also reprehensible.

However, this court acquires jurisdiction only within a definite statutory period, which was exceeded, and respondent seems to have raised the jurisdictional question before this court had finally lost jurisdiction to determine its jurisdiction.