[No. 21506.   Department Two.   December 31, 1928.]

E. F. Nudd *et al., Appellants,* v. F. E. Fuller, *Respondent.*[1]

*Edgar S. Hadley,* for appellants.

*Huffer, Hayden, Merritt, Summers & Bucey,* for respondent.

French, J.—Respondent has moved to dismiss the appeal herein and affirm the judgment, on the ground and for the reason that the notice of appeal was not served or filed within the time limited by law.   Final judgment was signed, filed and entered on April 3, 1928.   Notice of appeal was served and filed on May 4, 1928.

Section 1 of Rule X of this court, adopted January 14, 1927, and published in 140 Wash., p. xxxv, provides:

"In civil actions and proceedings an appeal from any final judgment must be taken within thirty days after the day of the entry of such final judgment; . . ." (Rem. 1927 Sup., § 308-10).

[1]Reported in 273 Pac. 200.

Prior to the adoption of this rule, the time for taking such an appeal was fixed at ninety days, and it has been the oft repeated holding of this court that the service of appeal was jurisdictional, and that if served more than ninety days after final judgment the appeal would be dismissed. *Lindsay v. Scott,* 56 Wash. 206, 105 Pac. 462; *Mathison v. Anderson,* 107 Wash. 617, 182 Pac. 622.

Counsel for appellant has questioned the constitutional authority for the making of this rule on a number of grounds, all of which have been decided adversely to appellant's position in *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 Pac. 770.

While it is true that the right of appeal is a substantive right, and one which cannot be taken away by the rule-making power of the court, yet, clearly, the time within which an appeal may be taken, the method to be pursued and the steps to be taken in perfecting an appeal are purely questions of procedure and come within the purview of our statute. Laws of 1925, Ex. Ses., p. 187 (Rem. 1927 Sup., §§ 13-1, 13-2).

Notice of appeal not having been served within thirty days, the appeal must be dismissed. *Neis v. Pool,* 148 Wash. 646, 269 Pac. 801.

It is so ordered.

FULLERTON, C. J., PARKER, and MAIN, JJ., concur.