[No. 22456.   Department One.   August 11, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE T. CROCKETT, *Appellant.*[1]

*Wright & Catlett,* for appellant.
*James W. Bryan,* for respondent.

TOLMAN, J.—Appellant was, by a jury, found guilty of the crime of possession of intoxicating liquor with intent to sell.  A motion for a new trial was interposed, and thereafter, according to the entries in the journal of the trial court, the following occurred:

"Monday, December 2, 1929.   Hon. H. G. Sutton, Judge
"8964—State of Washington
          vs.
"George T. Crockett
   "Hearing on motion for new trial and sentencing of defendant comes on this day.   State of Washington represented by James W. Bryan, Pros. Atty., defendant in court in person and by Marion Garland, Esq.
   "Motion for new trial denied.
   "Court fines defendant three hundred dollars and

[1]Reported in 290 Pac. 873.

costs and sentences defendant to serve ninety days in county jail. Jail sentence suspended upon payment of fine and costs and during good behavior of defendant.

"Attorney for defendant gives oral notice of appeal to supreme court and asks court to fix bond. Bond fixed at $1,000."

No other notice of appeal was ever given. Later, and on December 16, 1929, the court signed a formal written judgment and sentence which reads:

"On this December 16, 1929, comes J. W. Bryan, prosecuting attorney for the county and state aforesaid, and the said defendant in this action is brought to the bar of the court here, with his counsel Marion Garland and being asked if he has any legal cause to show why judgment of the court should not be pronounced against him, says nothing, unless as he before has said; and it appearing to the court by the verdict of guilty that the defendant is guilty of the crime of possession of whiskey for sale, whereupon, all and singular, the premises being seen and by the judge of the court here fully understood, it is

"ORDERED, ADJUDGED AND DECREED by said court that the said defendant is guilty of the crime of having in his possession intoxicating liquor, to wit, whiskey, with intent to sell the same, as charged, and that he be punished therefor by imprisonment in the county jail at port Orchard, in said state for three (3) months and pay a fine of $300 and costs, and the defendant is hereby remanded to the custody of the sheriff of said county to be by him detained during the term of the said sentence, provided, that upon payment of said fine and costs the said prison term is hereby suspended during good behavior."

The state has moved to dismiss the appeal, because prematurely taken, under authority of *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900.

Since that case, which was so recently decided, so fully discusses the question and is concurred in by a decisive majority of the court, it would be useless to

again examine and attempt to review the question. If the written judgment of December 16 is the judgment and the only judgment of the court, then the appeal was prematurely taken.

That the journal entry of December 2, 1929, was not the final judgment which the law requires to be entered, and did not bind the court, has also been recently determined by the case of *State ex rel. Echtle v. Card,* 148 Wash. 270, 268 Pac. 869, 59 A. L. R. 519n. What is there said is as applicable as though written here, and the whole of that opinion goes directly to the point which we are now considering. Therefore there remains nothing to be said on that question. The practice having been settled after full consideration, we are bound by the precedent established, and the motion to dismiss must be granted.

Appeal dismissed.

MITCHELL, C. J., BEALS, and MILLARD, JJ., concur.

PARKER, J. (specially concurring)—I concur in the result reached in the foregoing majority opinion solely upon the ground of the insufficiency in form of the journal entry of December 2, 1929, to constitute a final judgment. But I am not ready to yield my assent to the view that it would not be an effective final judgment in proper form merely because not written upon a paper and signed by the judge in addition to being entered at length in the journal. Rem. Comp. Stat., § 75, as reenacted by ch. 130, Laws of 1923, p. 352, expressly provides that the clerk shall

". . . keep a well-bound book to be called the order book or journal in which he shall record the daily proceedings of the court, and enter all verdicts, orders, judgments and decisions thereof, . . . which shall be signed by the judge . . ."

Manifestly, the signing of the journal is, in legal effect, the signing of judgments so entered.