[No. 27522. Department One. June 24, 1939.]

THE STATE OF WASHINGTON, *Appellant*, v. LESLIE LAMBERT, *Respondent.*[1]

[1]Reported in 91 P. (2d) 1023.

*Stanley J. Krause* and *Paul O. Manley,* for appellant.

*W. J. Murphy* and *A. Emerson Cross,* for respondent.

JEFFERS, J.—This matter is before the court on the motion of defendant, Leslie Lambert, to dismiss the appeal of the state of Washington in a criminal action.

On June 10, 1938, the prosecuting attorney of Grays Harbor county, Washington, filed an information charging the defendant, Leslie Lambert, with the crime of grand larceny. On January 23, 1939, the defendant appeared before the court and entered a plea of not guilty to the information, and thereafter, on the same day, the case proceeded to trial before a jury.

On January 24th, after both the state and the defendant had introduced their testimony and rested, the defendant interposed a motion, which was orally decided by the court, after which the prosecuting attorney orally gave notice of appeal. The minutes of department No. 2 of the superior court for Grays Harbor county show the following:

"Tuesday, January 24, 1939.
"Court opened at 9:45 o'clock a. m., present Hon. J. M. Phillips, Judge, and Deputy Clerk W. C. Birdwell.
"34640 The State of Washington, vs. Leslie Lambert

. . .

"A. Emerson Cross challenged the sufficiency of the evidence to sustain a verdict, and moved that the court take the case from the jury and dismiss the case with prejudice. The jury was sent out in the charge of the bailiffs, and court recessed until 1:15 o'clock p. m.

"Court reconvened at 1:40 o'clock p. m., defendant and all counsel present. A. Emerson Cross resumed his argument in support of his motions. Paul O. Manley made his argument in reply to the argument of Mr. Cross. Court recessed.

"Court reconvened. Defendant and all counsel present.

"Oral decision sustaining motion of defendant to take the case from the jury and dismiss the case with prejudice. . . .

"Paul O. Manley, deputy prosecuting attorney, excepted to the decision of the court, and gave notice in open court that he appealed from the decision to the supreme court of the state of Washington, from each and every adverse ruling and the decision of the court sustaining the said motion."

No formal judgment was signed by the court until March 10, 1939, on which date the formal written judgment was signed and entered dismissing the action with prejudice. No notice of appeal was given by the state, either before or after the entry of the formal judgment, other than as above set out.

The state has filed no brief herein on the motion to dismiss.

Respondent makes two contentions in support of his motion to dismiss this appeal. First, he contends the oral notice of appeal was prematurely given, as it was made before any formal judgment was entered by the court. In view of the fact that the conclusion we have reached in regard to respondent's first contention is decisive of the motion, we deem it unnecessary to discuss the second point urged by respondent.

Rule XII, Rules of Court, 193 Wash. 14-a, provides in part:

"(a) In criminal causes, in order to initiate an appeal, notice of such appeal to the supreme court shall be given in open court at the time, or written notice of appeal shall be served upon the prevailing party and filed in the office of the clerk of the superior court within five days after the entry, of judgment or order from which the appeal is taken."

Rem. Rev. Stat., § 1716 [P. C. § 7290], in so far as applicable, provides:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and

every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding . . ."

Rem. Rev. Stat., § 404 [P. C. § 8078], provides: "A judgment is the final determination of the rights of the parties in the action."

We think the notice of appeal was prematurely given, under the authority of *State ex rel. Echtle v. Card,* 148 Wash. 270, 268 Pac. 869, 59 A. L. R. 519; *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900; *State v. Crockett,* 158 Wash. 152, 290 Pac. 873.

In *State v. Crockett, supra,* the appellant was by a jury found guilty. A motion for new trial was interposed, and thereafter, according to the entries in the journal of the trial court, the following occurred:

"Monday, December 2, 1939. Hon. H. G. Sutton, Judge

"8964—State of Washington vs. George T. Crockett

"Hearing on motion for new trial and sentencing of defendant comes on this day. State of Washington represented by James W. Bryan, Pros. Atty., defendant in court in person and by Marion Garland, Esq.

"Motion for new trial denied.

"Court fines defendant three hundred dollars and costs and sentences defendant to serve ninety days in county jail. Jail sentence suspended upon payment of fine and costs and during good behavior of defendant.

"Attorney for defendant gives oral notice of appeal to supreme court and asks court to fix bond. Bond fixed at $1,000."

The opinion of this court continues:

"No other notice of appeal was ever given. Later, and on December 16, 1929, the court signed a formal written judgment and sentence . . .

"The state has moved to dismiss the appeal, because prematurely taken, under authority of *Strickland v.*

*Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900.

"Since that case, which was so recently decided, so fully discusses the question and is concurred in by a decisive majority of the court, it would be useless to again examine and attempt to review the question. If the written judgment of December 16 is the judgment and the only judgment of the court, then the appeal was prematurely taken.

"That the journal entry of December 2, 1929, was not the final judgment which the law requires to be entered, and did not bind the court, has also been recently determined by the case of *State ex rel. Echtle v. Card*, 148 Wash. 270, 268 Pac. 869."

The giving of a notice of appeal is jurisdictional; and since the only notice given in this case was prior to the signing and entry of the formal judgment of March 10, 1939, the notice of appeal was premature, and the motion to dismiss the appeal must be, and is, hereby granted.

BLAKE, C. J., MAIN, STEINERT, and ROBINSON, JJ., concur.