[No. 32059.   Department One.   June 12, 1952.]

ALFRED H. CANZLER *et al., Appellants,* v. JOHN
MAMMOLITI, *Respondent.*[1]

*J. Peter P. Healy,* for appellants.
*Hodge & Mann,* for respondent.

WEAVER, J.—Respondent moves to dismiss this appeal upon the ground that notice of appeal was not given within the time required by law.

Chronologically, the procedural facts necessary to our decision are these:

September 18, 1951, the trial court signed its findings of fact, conclusions of law, and judgment.   They had been served on appellants' counsel on July 27th.   An order of the

[1]Reported in 245 P. (2d) 215.

trial judge found that these were signed with full knowledge of appellants' counsel.

September 27th, counsel filed a motion to vacate the judgment and for a new trial. It was not served upon counsel for respondent until October 26, 1951.

November 6, 1951, the trial court entered an order denying appellants' "motion for vacation of judgment or the alternative for a new trial."

December 6, 1951, appellants served and filed their notice of appeal and bond.

Appellants urge (1) that time for appeal did not start to run until November 6, 1951, the date the trial court entered its order denying their motion for a new trial, and (2) that the judgment was not "entered in the records of the court" until November 7 or November 8, 1951.

The motion for a new trial was *filed* nine days and *served* upon opposing counsel thirty-eight days after the court entered its findings of fact and conclusions of law.

RCW 4.76.060 (Rem. Rev. Stat., § 402) provides:

"The party moving for a new trial must, within . . . *two days after notice in writing of the decision of the court or referee,* if the action was tried without a jury, file with the clerk, and serve upon the adverse party, his motion for a new trial, designating the grounds upon which it is made." (Italics ours.)

In order to further clarify the prepositional phrase "after notice in writing of the decision of the court or referee" which is italicized above (see *In re Adin's Estate,* 112 Wash. 93, 191 Pac. 839), we adopted Rule of Superior Court 16 (34A Wn. (2d) 117), which reads, in part:

"The time within which a motion for a new trial shall be served and filed in a cause tried by the court without a jury shall not begin to run until the findings of fact and conclusions of law therein shall have been signed by the court."

Whatever is the effect of moving for a new trial after *judgment,* a question upon which we express no opinion, it is apparent that the motion for a new trial was not timely filed either under RCW 4.76.060 (Rem. Rev. Stat.,

§ 402) or under Rule 16 of the Superior Court Rules. This conclusion is inescapable, for, under both these authorities, the time for making a motion for new trial expired September 20, 1951. The motion, therefore, could have no effect upon the commencement of time within which an appeal can be taken to this court.

A rule of procedure must be carried to the extent of its logic. Were the rule as urged by appellants, a motion for a new trial might be filed *any time* after findings of fact and judgment have been entered, and the time for appeal would start to run when the motion was denied. Such a practice would undermine the finality of judgments and the certainty of time in which an appeal may be taken therefrom to this court.

■ The judgment was signed by the trial judge September 18, 1951. It was stamped "Filed, Dept. 3, in open court Sep. 18, 1951. Robt. L. Dykeman, Clerk by JB deputy."

Appellants argue that the judgment was not entered upon the execution docket by the clerk until November 7, 1951, and hence time for appeal did not start until that date. With this we cannot agree. In *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn. (2d) 620, 623, 97 P. (2d) 128, we announced the rule that:

"A judgment is operative from the date of its entry, *and it is entered when it is signed by the court and delivered to the clerk for filing.* The failure of the clerk to perform the ministerial act of entering the filing of the judgment on the appearance docket or spreading the judgment upon the journal would not affect the validity of the judgment or invalidate the sale had thereunder." (Italics ours.)

In *Quareles v. Seattle,* 26 Wash. 226, 229, 66 Pac. 389, we applied the rule to the time notice of appeal must be given, saying:

"To hold that a judgment is not entered when it is filed and that the clerk may keep it for a number of days thereafter, awaiting his convenience or pleasure in transcribing it upon the journal, would be to hold that it is within the power of the clerk to delay indefinitely the time in which an appeal may be taken, and to leave the actual entry uncertain, and

resting in the memory of the clerk or his deputy who transcribes it, . . . Certainty will be maintained and confusion avoided by holding, as we do, that under the statute the judgment is entered at the time a copy thereof is filed with the clerk."

Appellants urge that respondent did not pay the judgment fee to the clerk of the court until November 8, 1951; that there can be no judgment until the fee is paid; that the time in which an appeal can be taken commenced on November 8, 1951. We held to the contrary in *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264.

Since we must disregard the untimely motion for a new trial and the order denying it, notice of appeal was not served and filed "within thirty days after the date of the entry of such final judgment" (Rule on Appeal 33, 34A Wn. (2d) 33). We do not have jurisdiction, and the appeal must be dismissed. It is so ordered.

HILL, MALLERY, GRADY, and DONWORTH, JJ., concur.

July 25, 1952. Petition for rehearing denied.