[No. 38170. Department One. April 14, 1966.]

CHRIS MACKEY et al., *Respondents*, v. VERA F. CHAMPLIN, *Appellant.** 

*Garver & Garver,* by *Robert W. Garver,* for appellant.

*McMullen, Snider & McMullen,* by *Claude C. Snider,* for respondents.

PER CURIAM.—This is an appeal from a judgment entered upon a jury verdict awarding damages to the plaintiffs

*Reported in 413 P.2d 340.

(respondents) resulting from certain alleged misrepresentations in the sale of a tavern business, fixtures, and stock of merchandise by the defendant (appellant) to the plaintiffs.

At the time of oral argument before this court the plaintiffs' counsel advised the court that in examining the record he had discovered for the first time that the defendant's appeal had not been filed within 30 days from the entry of judgment, as required by Rule on Appeal 33, RCW vol. 0.

We have examined the record and find that an order denying a motion for a new trial was entered October 9, 1964; that the judgment upon the jury verdict was entered October 20, 1964. The defendant's notice of appeal from the judgment was filed November 20, 1964. This was on the 31st day after the entry of the judgment.

█ We have steadfastly held that compliance with Rule on Appeal 33, *supra*, requiring the filing of a notice of an appeal from a judgment within 30 days from the entry thereof or within 30 days after an order denying a motion for a new trial entered subsequent to the judgment, is a jurisdictional step in the perfection of an appeal. *Lindsay v. Scott*, 56 Wash. 206, 105 Pac. 462 (1909); *Nudd v. Fuller*, 150 Wash. 389, 273 Pac. 200 (1928); *Cohen v. Stingl*, 51 Wn.2d 866, 322 P.2d 873 (1958).

The defendant argues, however, that his notice of appeal was timely by reason that it was deposited in the mail on the 30th day subsequent to the entry of the judgment. This is not sufficient. The notice of appeal must be filed within the 30-day period to vest this court with jurisdiction.

The notice of appeal in the instant case was not timely filed and this court is without jurisdiction to consider this appeal. The appeal must therefore be dismissed. It is so ordered.

The plaintiffs will be allowed their costs.

---

June 7, 1966. Petition for rehearing denied.