[No. 713-3.    Division Three.    February 28, 1973.]

THOMAS MALOTT, *Plaintiff*, v. LESTER J. RANDALL *et al.,* *Respondents,* EMIL HEBER, *Appellant.*

GREEN, C.J., concurs by separate opinion; McINTURFF, J., dissents by separate opinion.

*Francis Conklin,* for appellant.

*James P. Connelly* (of *Winston, Cashatt, Repsold, Mc-Nichols, Connelly & Driscoll*), *Michael J. Hemovich* (of *Bantz & Hemovich*), and *William G. Ennis* (of *Ennis & Klobucher*), for respondents.

MUNSON, J.—Plaintiff, Thomas Malott, instituted a derivative stockholder's action against defendants. Emil Heber, appellant herein, joined as plaintiff in intervention. The matter was tried in the superior court and on July 5, 1972 came before that court for signing and entry of findings of fact, conclusions of law and judgment for defendants. At that time Mr. Robert Southwell, trial counsel for appellant, was present, as was counsel for plaintiff, defendant corporation and special counsel for defendant E. H. Herman. Discussion was had and some interlineations made in the proposed documents. In the presence of all, the following then occurred:

THE COURT: Any other exceptions?  .  .  .  Anything

further, Mr. Southwell? MR. SOUTHWELL: No sir. THE COURT: The Court will then sign the Findings of Fact, Conclusions of Law and the form of Judgment. Exceptions to the form? MR. SOUTHWELL: Well, I have signed on that, your Honor, and a copy was received. Notice of Presentation waived. I will let the record go for that. THE COURT: All right. The judgment will be signed. MR. SOUTHWELL: And the same with the Findings of Fact? THE COURT: All right. The judgment is made.

After the signing of these documents on July 5, 1972, in the presence of counsel for all parties, the documents were delivered to a deputy clerk of Spokane County for filing. This was done after the main clerk's office was closed for the day and the deputy clerk put them in the drawer of his desk in the courtroom. Thereafter, he inadvertently failed to deliver them to the clerk's office for docketing and filing. Several days after the signing of the documents, Mr. Southwell requested an associate of his go to the clerk's office and obtain a copy of the judgment to verify that they had made all the proper interlineations upon their copy of the judgment. The associate found no judgment on file in the clerk's office. He then inquired of the deputy clerk on numerous occasions as to the whereabouts of the judgment and ultimately was advised it was on the judge's desk. In fact, the judge did not have possession of the documents. They were found on or about August 8, 1972 in a drawer of the deputy clerk's desk in the courtroom, whereupon they were promptly filed.

Thereafter, on September 7, 1972, notice of appeal was filed. The superior court record was later corrected by changing the filing date for these documents from August 8, 1972 to July 5, 1972. In *Malott v. Randall*, 7 Wn. App. 753, 502 P.2d 1249 (1972), we held the superior court did not have jurisdiction to change the filing dates on certain documents after a notice of appeal was filed September 7, 1972. We did grant respondent's oral motion in this court to allow the superior court to proceed with a record-correction hearing. This court, at that time, was aware a motion

to dismiss the appeal was pending before us, based on an allegation of untimely filing. We anticipated that the testimony to be adduced at the record-correction hearing would produce evidence pertinent to the then pending motion to dismiss. If in fact there was an untimely filing of the notice of appeal, this court would not have jurisdiction to hear the appeal. But, this court always has jurisdiction for the purpose of determining whether it has jurisdiction. Thus, *Malott* does not acknowledge that the notice of appeal filed September 7, 1972 was timely; that question was reserved for determination in the instant hearing and is the only issue presently before us.

CAROA 33 requires a notice of appeal be filed "within thirty days after *entry* of the order, judgment, or decree from which the appeal is taken". (Italics ours.)

CR 58,[1] adopted May 5, 1967 and effective July 1, 1967, states:

(a) . . . all judgments shall be entered immediately after they are signed by the judge.

(b) Effective Time. *Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing,* . . .

(Italics ours.) Inasmuch as the notice of appeal in the instant case was not filed with the clerk of the superior court within 30 days after judgment was "entered", this appeal must be dismissed.

As stated in *In re Estate of Yand*, 23 Wn.2d 831, 838, 162 P.2d 434 (1945):

Where rule of court prescribes *the time of filing* of the notice of appeal, such *is a jurisdictional step;* and neither stipulation nor other act of the parties can confer the

---

[1] In its order adopting Civil Rules for Superior Court, 71 Wn.2d xvii (1967), the court, in its explanation of the rules, stated at page xxvi:

*Comments.* Where it appears that all or a part of a statute has been superseded by a Rule, a statement to that effect is included in the Comments. Statutes not superseded continue to be effective. The Comments also identify the sources of the Rules.

The only comment found within CR 58 states at 71 Wn.2d cxx:

Comment. Subdivisions (a) and (b) together with Rule 59(b) supersede 4.64.010.

right of appeal, once lost by expiration of the time prescribed by the rule for filing of the notice. In other words, *an appeal must be perfected in the manner and time required by the rule* in the court where judgment or order from which appeal is taken is entered *to give appellate court jurisdiction of the appeal for purpose other than dismissal of the appeal.*

(Italics ours.)

There can be no question that trial counsel for appellant was aware the judgment had been signed since counsel was present at the signing. The trial judge and the deputy clerk have confirmed that the signed documents were then delivered to the clerk for filing. Such is sufficient compliance with CR 58 to evidence that the judgment was "entered".[2] It has been held in this jurisdiction that judgment is deemed entered at the time it is delivered to the clerk for filing and not at the time the clerk enters it in the docket in his office. *Quareles v. Seattle,* 26 Wash. 226, 229, 66 P. 389 (1901); *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn.2d 620, 97 P.2d 128 (1939); *Canzler v. Mammoliti,* 40 Wn.2d 631, 633, 245 P.2d 215 (1952); *see also Mackey v. Champlin,* 68 Wn.2d 398, 413 P.2d 340 (1966); *Kelly v. Schorzman,* 3 Wn. App. 908, 911, 478 P.2d 769 (1970).

There may be language in older cases capable of being interpreted to indicate some act other than "delivery to the clerk for filing" as the act of entry of judgment. Such language is no longer effective. The adoption of CR 58 in 1967 clarified the then existing law and established "delivery to the clerk for filing" as the pertinent act.

There may be occasions when the court signs the judgment, or other final order, and does not immediately hand the document to the clerk. For example, a judgment is occasionally signed in chambers with the clerk not in attendance. In such instances, the document would not be "entered" until counsel or the bailiff, to whom the judge

---

[2] It is noted that in The Federal Rules of Civil Procedure, Rules 58 and 79, a different definition of "entry of judgment" is made than in Washington State's Civil Rules for Superior Court, Rule 58. *See also* 6A J. Moore, *Federal Practice* ¶ 58.02, at 58-56.

has presented the document, delivers it to the clerk for filing. Lapses have occurred in such instances thus delaying delivery to the clerk. If such an instance had occurred here and actual delivery to the clerk had not been made until August 8, 1972, we would arrive at a different result. However, delivery was made to the clerk on July 5, 1972.

Ordinarily, the date of filing stamped on the document is controlling; but not when there is evidence that the document was delivered to the clerk for filing on a different date. *Potts v. Nelson,* 36 Wn.2d 764, 766, 220 P.2d 544 (1950). As stated in *Schultz v. Anderson,* 191 Wash. 326, 329, 71 P.2d 365 (1937):

> The date of the clerk's file mark appearing upon an instrument or part of a record filed with him is *prima facie* evidence of the time when such instrument or part of a record was filed, and, *in the absence of evidence to the contrary,* is conclusive. It is no doubt true that, if an issue were raised before the court as to the correctness of the clerk's minute, the court could properly hear and determine that issue. But nothing of that kind is involved in this case.

(Italics ours.)

The undisputed evidence is to the effect that on July 5, 1972 the superior court judge delivered the judgment to the deputy clerk of his court for filing but it was not actually filed by the clerk until August 8, 1972. It is the date upon which the document was delivered to the clerk for filing that controls. Here, evidence contrary to the stamped date of filing established the delivery date as July 5.

Appellant contends that to follow the rationale above is an unreasonable infringement upon appellant's right to appeal. We disagree. To say that trial counsel was misled by comments made by the deputy clerk does not relieve him from the duty to file a notice of appeal within 30 days after entry of judgment. Appellant's trial counsel was aware he had to file a notice of appeal within 30 days of entry of judgment or abandon the appeal. There was no need for counsel to see the judgment before filing the notice of ap-

peal; a copy of that judgment is not required to be filed with the notice of appeal in the superior court.

Those who secure judgments at the trial level are entitled to have their judgments become final. Unless one dissatisfied with the judgment takes prompt action to challenge that judgment, the judgment holder is entitled to its finality. The only time limitation in the appellate process not subject to extension within the appellate court's discretion is the timely filing of a notice of appeal. Inequities existed previously when time limits, other than that of the notice of appeal, were more strict. *See Michaelson v. Overmeyer,* 77 Wash. 110, 137 P.332 (1913) (void order extending time for filing statement of facts); *Douglass v. Grays Harbor Fuel Co.,* 182 Wash. 227, 46 P.2d 733 (1935) (statement of facts filed more than 6 months after entry of judgment); *Potts v. Nelson, supra* (statement of facts filed 9 days late). As a consequence, the court liberalized the appellate procedure so that only this one act, the timely filing of a notice of appeal, is mandatory to secure appellate court jurisdiction.[3]

The retention of this one mandatory act does not appear to this court to be unreasonable. Were it otherwise, the number of reasons for the untimely filing of a notice of appeal is incalculable and the resultant inequities unascertainable. Furthermore, the rationale of *Glass v. Windsor Nav. Co.,* 81 Wn.2d 726, 504 P.2d 1135 (1973), dealing with the premature filing of a notice of appeal, appears to us to be equally persuasive here where the notice was belatedly filed. The notice, not having been timely filed, does not vest this court with jurisdiction to hear this appeal.

---

[3]Justice William O. Douglas, dissenting in *Aero Mayflower Transit Co. v. United States,* 409 U.S. 905, 34 L. Ed. 2d 166, 93 S. Ct. 216 (1972), stated in part as follows:

"We held in *United Public Workers* v. *Mitchell,* 330 U.S. 75, 84-86, that the Rules of this Court determine the effect of untimely docketing. *Only the filing of the notice of appeal is jurisdictional.*" (Italics ours.)

Therefore, the motion must be granted and the appeal is hereby dismissed.

GREEN, C.J., concurs.

GREEN, C.J. (concurring)—I concur in the foregoing opinion. CR 58 was adopted on May 5, 1967. Presumably, the Supreme Court was aware of the cases theretofore decided and cited by the majority and the dissent herein. In light of that background, CR 58(b) provided that "judgments *shall* be deemed *entered* for *all* procedural purposes from the time of *delivery* to the clerk *for filing,* . . ." This rule presents no ambiguity. In the instant case, the trial judge signed the judgment and handed it to the deputy clerk in the presence of and with the knowledge of all concerned parties and counsel "for filing." The requirements of the rule were clearly met and the judgment must be "deemed entered" for "all" procedural purposes, including appeal. Notice of appeal not having been filed within 30 days thereafter, the appeal must be dismissed. CAROA 33.

In effect, the dissent herein argues that CR 58(b) should be amended so that a judgment is deemed entered on the date the judgment is "filed by the clerk." Assuming arguendo that the rule should be amended, an issue which I do not decide, such amendment should not be accomplished by this court construing the words "for filing" to mean "filed by the clerk." The plain meaning of these words prevents my construing them to be synonymous. If it was intended that a judgment not be deemed entered until it was filed by the clerk, I am sure the Supreme Court would have explicitly said so.

Rules that establish when jurisdiction attaches to the court on appeal should be strictly construed so there will be certainty in the initial stage of the appellate process. Timely filing of a notice of appeal is a jurisdictional prerequisite to review; whereas, the rules relating to the filing of a transcript, statement of facts or a brief allow a measure of discretion in the court when enforcing rules relating thereto. *Neal v. Green,* 68 Wn.2d 415, 413 P.2d 339 (1966).

Only in this latter area can this court adjust to varying fact situations.

At the time the Supreme Court adopted CR 58(b), the pros and cons of the issue raised by the dissent undoubtedly were debated in the light of prior court decisions. It is evident the Supreme Court decided there were policy reasons for deeming a judgment entered at the time it is signed and delivered to the clerk "for filing" rather than at the time the judgment is filed by the clerk. This court does not have the power to change that decision or the plain meaning of the rule.

In my opinion, the only question presented is whether this appeal was timely filed. The answer to this question depends upon whether the judgment was deemed entered at the time it was signed by the trial judge and handed to the clerk for filing or at the time it was filed by the clerk. The nunc pro tunc order entered by the trial court directing that the filing date be changed to the date the judgment was signed and handed to the clerk for filing does not affect the basic issue presented. Therefore, that order need not be discussed. Its correctness abides the result of the decision on the issue presented.

I concur in the dismissal of the appeal.

McINTURFF, J. (dissenting)—This court does not acquire jurisdiction if the notice of appeal is filed prior to the entry of judgment or more than 30 days after entry of the judgment. *See Glass v. Windsor Nav. Co.*, 81 Wn.2d 726, 504 P.2d 1135. However, what constitutes entry of a judgment in this state is subject to doubt. Under the majority's interpretation of CR 58 the notice of appeal starts running from the day the signed judgment is handed to the clerk. Although there is, indeed, dictum in various Washington cases which support this interpretation, the holdings of Washington cases, the reason behind the rule, and the more persuasive authority, is to the contrary.

CR 58 provides:

### RULE 58.
### ENTRY OF JUDGMENT

(a) When. Unless the court otherwise directs and subject to the provisions of Rule 54(b), all judgments shall be entered immediately after they are signed by the judge.

(b) Effective Time. Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing, unless the judge earlier permits the judgment to be filed with him as authorized by Rule 5(e).

Consistency in the Washington case law demands that we give a rational interpretation to that portion of CR 58 which states a judgment is entered when delivered to the clerk for filing. The majority interprets the rule as meaning delivered to the clerk, but overlooks the words "for filing" as mere surplusage. I disagree with this interpretation. Unless the clerk does indeed "file" it, no one other than the party handing the judgment to the clerk and the clerk himself could know when it was "entered." The appellate court could not ascertain from the record or the face of the judgment on what day the written judgment was handed to the clerk, without sending every case back for further evidence.

Objectivity and finality to judgments demands a more readily ascertainable date. The authors of CR 58 undoubtedly intended the judgment be filed to establish an orderly procedure for the making of post-judgment motions and for the taking of appeals. Any other construction means that the date a judgment is entered is known only by the clerk and the party handing it to him. In my review of the Washington cases I have found no case where the factual chronology reflects that a judgment becomes effective for purposes of appeal upon mere delivery. The facts of the various Washington cases show that the court uses the file mark placed on the judgment in determining the date of entry. *See Hart v. Crowell*, 198 Wash. 77, 87 P.2d 105 (1939); *Sitko v. Rowe*, 195 Wash. 81, 79 P.2d 688 (1938); *Isom v.*

*Olympia Oil & Wood Prods. Co.,* 200 Wash. 642, 94 P.2d 482 (1939); *Grip v. Buffelen Woodworking Co.,* 73 Wn.2d 219, 437 P.2d 915 (1968).

In one of the leading cases of this state, *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 P. 900 (1930)[4], the court, in determining whether a notice of appeal was prematurely filed, analyzed when a judgment was entered, and stated, at page 648:

> Manifestly, these statutes contemplate an orderly procedure. They contemplate that, before a pending action can be said to be concluded, there must be a final determination of the rights of the parties to the action; that the final determination must be expressed in writing, signed by the judge of the court in which the action is pending, filed with the clerk and recorded[5] in the journal of the court, and that then, and not until then, is the action ripe for an appeal.

This case has been reaffirmed many times. In *State v. Goard,* 32 Wn.2d 705, 203 P.2d 355 (1949) the court reaffirmed this need for objectivity in the orderly taking of appeals, and this finality needed to judgments, when on page 707 they stated:

> During the trial of a case, and thereafter, the court

[4]It is noted that this case has withstood the test of time as it was recently approved in *Glass v. Windsor Nav. Co., supra.* The case was further followed in *State v. Lambert,* 199 Wash. 367, 91 P.2d 1023 (1939); *Dux v. Hostetter,* 37 Wn.2d 550, 225 P.2d 210 (1950); *Morley v. Morley,* 130 Wash. 77, 226 P. 132 (1924).

[5]RCW 4.64.010 provides that a judgment must be in writing, signed by the judge of the court in which the action is pending, filed with the clerk and recorded in the journal of the court.

Recordation of the judgment in the journal is a mere ministerial act and does not affect the validity of the judgment. *See Paich v. Northern Pac. Ry.,* 86 Wash. 379, 150 P. 814 (1915); *Forsyth v. Dow,* 81 Wash. 137, 142 P. 490 (1914). *See also State ex rel. Echtle v. Card,* 148 Wash. 270, 268 P. 869, 59 A.L.R. 519 (1928); *State v. Crockett,* 158 Wash. 152, 290 P. 873 (1930). In fact, under RCW 4.64.030 the signature of the judge to the journal entry of the judgment is not necessary to make it valid. *Ritchie v. Carpenter,* 2 Wash. 512, 28 P. 380 (1891); *Forsyth v. Dow, supra.* The comment to CR 58 that the statute is repealed is merely an attempt to clarify what had already been decided by judicial interpretation, *i.e.,* that recording was not necessary. Filing, however, remains a necessity.

may make rulings and pronouncements and may make orders and give directions, but before any of them can become the basis of an appeal to this court they must be put into the form of a formal written order or judgment and be signed by the judge and entered by the clerk of the court, unless some statute may provide otherwise. They must have the attribute of finality and not be merely interlocutory, unless made appealable by statute. Such a rule of law is not a surrender of substance to form, but is one of necessity in the orderly procedure of taking an appeal from a trial court to an appellate court. *Robertson v. Shine,* 50 Wash. 433, 97 Pac. 497; *In re Christensen's Estate,* 77 Wash. 629, 138 Pac. 1; *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143, 157 Pac. 35; *Codd v. Von Der Ahe,* 92 Wash. 529, 159 Pac. 686; *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900; *Billias v. Panageotou,* 193 Wash. 523, 76 P. (2d) 987; *State v. Diamond Tank Transport,* 200 Wash. 206, 93 P. (2d) 313; *Ullom v. Renton,* 5 Wn. (2d) 319, 105 P. (2d) 69.

The case of *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 P. 86 (1903), 62 L.R.A. 974 (1903) is a good example of why mere delivery should not be, and is not, the test for the time a judgment is entered. In that case the court held that an order of the court, though signed and handed to the clerk *for entry,* could be recalled by the court without being considered entered. In *Beetchenow v. Bartholet,* 162 Wash. 119, 298 P. 335 (1931), the court was careful not to overrule *Brown,* but merely distinguish it by saying "but that case does not decide the question here presented."

To support their position, the majority relies heavily on *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn.2d 620, 97 P.2d 128 (1939). In determining whether or not a valid judgment was in existence at the time a tax foreclosure sale was held, the court determined that failure of the clerk to enter copies of the judgment in the appearance docket was a mere ministerial act and did not affect the validity of the judgment or invalidate the sale. In so holding, the court, in unsupported dictum, said at page 623: "A judgment is operative from the date of its entry, and it is entered when it is signed by the court and delivered to the clerk for filing." In

*Cinebar* the court supported this holding with the cases of *Quareles v. Seattle,* 26 Wash. 226, 66 P. 389 (1901); *Barthrop v. Tucker,* 29 Wash. 666, 70 P. 120 (1902), and *Beetchenow v. Bartholet,* 162 Wash. 119, 298 P. 335 (1931). These cases are distinguishable. The chronology of *Quareles v. Seattle, supra,* shows that on April 6, 1901 the trial court signed the judgment in the presence of counsel. The clerk, on the same date, made a minute entry. On the same day the judgment was filed with the clerk and entry of the filing and a receipt of the fee therefor was made in the clerk's cash book. The entry of the judgment in the execution docket was April 6, 1901. However, the entry in the appearance docket was April 9, 1901. Upon appellant's motion to show the correct date of the entry of the judgment the trial court made a finding that the judgment was rendered and entered into the journal on April 13, 1901 (not April 6, 1901). In determining when the judgment was entered the Supreme Court said, at page 228: "When the judgment was signed by the court it was rendered, and, when it was *filed by the clerk,* became effective as a judgment." (Italics ours.) The rationale of the court in requiring a filing is to increase the certainty of when a judgment is entered, and the court, at page 229, stated:

> To hold that a judgment is not entered *when it is filed* and that the clerk may keep it for a number of days thereafter, awaiting his convenience or pleasure in transcribing it upon the journal, would be to hold that it is within the power of the clerk to delay indefinitely the time in which an appeal may be taken, and to leave the actual entry uncertain, *and resting in the memory of the clerk* or his deputy who transcribes it, or, if the date it is actually written on the journal is the date of the entry, then the requirement that it shall be entered on the day it is given is rendered of no effect. Certainty will be maintained and confusion avoided by holding, as we do, that under the statute the judgment is entered at the time a copy thereof is filed with the clerk.[6]

(Italics ours.) The case then does not support the proposi-

---

[6] It is to be noted that in light of the chronology and holding as shown above, "filed with the clerk" is dictum.

tion that a judgment is deemed entered at the time of its delivery but, rather, the judgment is entered when filed.

The majority next supports their conclusion with the case of *Canzler v. Mammoliti,* 40 Wn.2d 631, 245 P.2d 215 (1952). This was a motion to dismiss an appeal on the ground that it was not timely filed. A reading of the chronology shows that on September 18, 1951 the judgment was signed; on November 7 or 8 judgment was "entered in the records of the court." On December 6 notice of appeal was filed; September 18 judgment was stamped "Filed, Dept. 3, in open court" and signed by the clerk. In dismissing the appeal as not being within the 30-day rule the Supreme Court held that the judgment was not entered until it was filed by the deputy clerk. In so holding they quoted the dictum portion of *Cinebar Coal & Coke Co. v. Robinson, supra.* The chronology and holding of that case as pointed out previously, and in *Canzler,* does not set entry from a date when the judgment was delivered to the clerk. In fact, the very rationale behind the *Quareles, Canzler* and *Cinebar* cases is that certainty regarding when a judgment is entered should not be left to the memory of the clerk or the deputy who receives the judgment, because such a practice would "undermine the finality of judgments and render uncertain the time in which an appeal may be taken therefrom." *See Canzler v. Mammoliti, supra* at 663.

The majority next cites *Mackey v. Champlin,* 68 Wn.2d 398, 413 P.2d 340 (1966). In that case the court dismissed the appeal as the notice of appeal was not filed until 31 days after the judgment was entered. The chronology and holding of the case do not aid in determining when a judgment is entered.

Finally, the majority relies on *Kelly v. Schorzman,* 3 Wn. App. 908, 911, 478 P.2d 769 (1970). This case holds that under CAROA 33 notice of appeal must be filed within 30 days after entry of an appealable order, and that notice of appeal is jurisdictional. The chronology does not shed any light on when the judgment was entered, and fails to show a date of delivery by the judge to the clerk.

In Washington a judgment is entered when a signed copy of it is delivered to the clerk and filed by him, although not actually transcribed on the record. *Cinebar Coal & Coke Co. v. Robinson, supra;*[7] *Mathison v. Anderson,* 107 Wash. 617, 182 P. 622 (1919). *See also* 49 C.J.S. *Judgments* § 106(b) (1947), what constitutes entry. *Accord, Strickland v. Rainier Golf & Country Club, supra; Morley v. Morley,* 130 Wash. 77, 226 P. 132 (1924); RCW 4.64.010.

RCW 4.64.010 provides in pertinent part:

> Time of entering judgment—Motions—Filing—Recording. . . . The judgment shall be in writing, signed by the judge of the court in which the action is pending, and shall be filed with the clerk and recorded in the journal of the court.

*Accord,* CR 58(a):[8] "all judgments shall be entered immediately after they are signed by the judge. (b) . . . Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing, . . ."

The law in Washington has been harmonious that entry of judgment consisted of two steps: Signing of judgment and filing it. It is a cornerstone of statutory interpretation that

> effect must be given, if possible, to every word, clause and sentence of a statute." A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.

[7] *Cinebar Coal & Coke Co. v. Robinson, supra,* supports the proposition that "an execution may issue when a judgment has been signed by the court by which it was rendered and has been *filed by clerk.*" (Italics ours.) 65 A.L.R.2d 1168 (1959).

[8] In some jurisdictions the time for filing a notice of appeal begins to run, not from the entry of a judgment but from the rendition of judgment. *See* Am. Jur. *Appeal and Error* § 302 (1962). *See also* 4A C.J.S. *Appeal and Error* § 445 (1957). For an excellent distinction made in federal law between rendition of judgment and entry of judgment *see* 6A J. Moore, *Federal Practice* ¶ 58.02 to ¶ 58.07, inclusive, and cases cited therein. *See also* 10 A.L.R. Fed. 709.

(Footnote omitted.) 2 J. Sutherland, *Statutory Construction* § 4705, at 339 (3d ed. F. Horack 1943). In light of this elementary rule of construction it is unlikely that when formulating CR 58 the authors were filling in mere verbiage when they added the words "for filing." It is reasonable that these words were added with the intention that the judgment be filed. By adding these last two words the authors resolved a possible conflict which had developed in the Washington cases, and at the same time added objective finality to determining the date when the judgment was entered. By the majority interpretation of CR 58 the work of the authors of the court rules is eradicated; a hopeless conflict between Washington cases is revived, and the date when a judgment is entered must be determined by reading every case and asking the clerk on what day a signed paper was passed to him.

Objectivity in judgments, orderly procedure for taking appeals, certainty of time limits for making post-trial motions, and the finality of judgments are thrown into disarray by the interpretation given to CR 58 by the majority. Further, under the facts of this case a gross injustice is perpetrated—an appeal is dismissed.

When interpreting court rules courts cannot turn their backs on the reason behind the rules, nor should they blindly make interpretations which thwart justice rather than aid it. As stated in *State v. Casey*, 7 Wn. App. 923, 503 P.2d 1123 (1972), at 929:

> Rules of court, as indeed rules of law, are instruments in aid of justice and should not be used to thwart it. We believe the strict application of CR . . . in the circumstances of the instant case would convert the rule into a sword, rather than an aid, and work a clear distortion of justice. This we cannot and should not do.

The chronology of this case shows that on July 5, 1972 the trial judge signed the judgment, and at the end of the day handed the judgment to his clerk.[9] The clerk thereafter, without filing the judgment or making any notation

---

[9]This was determined only after reading the instant case.

of it, placed it in the drawer of his desk. The plaintiffs were desirous of appealing and wished to have a correct copy of the judgment so they could appeal. Plaintiff's attorney sent his law clerk to the courthouse on many occasions to determine when the judgment was filed, and to procure a correct copy of the judgment. Two or three times a week the law clerk would check the clerk's office files to determine if the judgment was entered. On numerous occasions he also spoke with Judge Shields' deputy clerk and asked him where the judgment was. The deputy clerk stated that it was on the judge's desk. In reality it had been handed to the deputy clerk after the clerk's office had closed at 6 o'clock on the evening of July 5, 1972. On August 8 the judgment was found in the clerk's desk in the courtroom and was promptly filed. September 7, 1972 notice of appeal was filed. On September 12, 1972 respondents filed a motion for a corrective order, pursuant to CR 60, in the superior court, requesting that the filing dates and journal entries on the documents be altered to indicate that they had been filed on July 5, 1972 rather than August 8, 1972. On September 19, 1972 this motion was granted by the superior court.

The nunc pro tunc nature of the corrective order raises a question as to the validity of the trial court's correction of the filing date of the judgment. Since the early case of *Hays v. Miller,* 1 Wash. Terr. 143 (1861) it has been the law in this state that judgments nunc pro tunc are only allowed in furtherance of justice and never allowed to work an injustice. Nunc pro tunc powers of the trial court rest not upon statutory authorization or a court rule, but exist as part of the inherent common-law power of the court. *See* 46 Am. Jur. 2d *Judgments* § 97 (1969). *See also* 3 A.L.R. 1403 (1919); 68 A.L.R. 261 (1930); 6A J. Moore, *Federal Practice* ¶ 58.08 at 58-301 (1972); 49 C.J.S. *Judgments* §§ 118-121 (1947). Justice Harlan, speaking for the majority in *Mitchell v. Overman,* 103 U.S. 62, 64-65, 26 L. Ed. 369 (1880):

We content ourselves with saying that the rule estab-

lished by the general concurrence of the American and English courts is, that where the delay in rendering a judgment or a decree arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up. In such cases, upon the maxim *actus curiae neminem gravabit*,—which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice,—it is the duty of the court to see that the parties shall not suffer by the delay. A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case.

*See also Pappas v. Taylor,* 138 Wash. 31, 244 P. 393 (1926); *Fisher v. Jackson,* 120 Wash. 107, 206 P. 929 (1922); *Litzell v. Hart,* 96 Wash. 471, 165 P. 393 (1917); *Shaughnessy v. Northland S.S. Co.,* 94 Wash. 325, 162 P. 546 (1917). In addition to the inherent nunc pro tunc power of the court, but not in place thereof, a court may vacate a judgment in order to correct clerical errors in the judgment under CR 60 and under RCW 4.72.010. However, when CR 60 is utilized, vacation of the judgment may only be to further justice and not merely correct mistakes of the clerk caused by neglect. *See National Bank of Commerce v. L. Kilsheimer & Co.,* 59 Wash. 460, 110 P. 15 (1910). As noted by Trautman, *Vacation of Judgments,* 35 Wash. L. Rev. 505, 510 (1960):

> The most commonly relied upon ground for vacation is prescribed in subdivision three as follows: "For mistakes, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." It must first be noted that this is interpreted to mean any mistake or neglect which warrants modification or vacation in the furtherance of justice and not just mistakes or neglect of the clerk. The mere establishment of a mistake, however, is not sufficient; it must result in a judgment that is wrongful or oppressive.

(Footnotes omitted.) The maxim actus curiae neminem gravabit translated from the Latin means "the act of the courts shall prejudice no one." In the instant case the trial court's correction of the filing date on the judgment, without giving a retroactive effect also to the notice of appeal, is an impermissible nunc pro tunc entry, as well as an impermissible vacation of judgment under CR 60.

I would allow the appeal.

Petition for rehearing denied March 20, 1973.

Review granted by Supreme Court April 20, 1973.