IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| DEBORAH D. HUNT, | ) | |
| | ) | No. 40077-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD A. MONK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Edward Monk appeals from an order denying his motion to terminate an antiharassment protection order, which restrains him from contacting Deborah Hunt and restricts his firearm rights. He assigns error to several orders and decisions made in prior hearings that amended and renewed the protection order; decisions that Monk did not separately appeal. He does not assign any error to the order denying his motion to terminate the anti-harassment order from which this appeal stems.

Hunt responds, contending that Monk failed to timely appeal the orders he challenges and requests dismissal of the appeal as untimely. In the alternative, Deborah contends that Monk waived the issues he now raises by failing to object below and, regardless, orders were not an abuse of discretion.

No. 40077-8-III
*Hunt v. Monk*

We conclude that Monk fails to establish that the superior court lacked subject matter jurisdiction to enter the prior orders that he challenges on appeal; thus, Monk's appeal is untimely and must be dismissed.

BACKGROUND

In September 2018, Deborah Hunt filed a petition for an anti-harassment protection order against Edward Monk and a motion for surrender of weapons. The following month, the trial court granted Hunt's petition and entered a two-year anti-harassment protection order, restraining Monk from contacting Hunt and from making threats or using obscenities against individuals on Hunt's premises. Additionally, the trial court ordered Monk to surrender his weapons, including any firearms. One month later, the court amended the protection order to include a prohibition against Monk obtaining or possessing any weapons, including firearms, and reiterated the order to surrender weapons. Monk did not appeal these orders.

In July 2019, Monk filed a motion in the trial court to terminate the protection order.[1] Later that month, following a hearing at which Monk failed to appear, the court issued a written order denying the motion. Monk did not appeal this order.

In August 2020, Hunt petitioned to renew the anti-harassment protection order. In doing so, she filled out and filed a form titled "Petition for Renewal of Order for

_____

[1] A copy of this motion is not in the record.

2

Protections and Notice of Hearing." Clerk's Papers (CP) at 119. This one-page form was designed for use in renewing domestic violence orders for protection. *See* CP at 119 (footnote reference). Within the form Hunt requested that the court renew or extend the anti-harassment order previously entered. The form also gave notice of a future court date for the petition for renewal.

The court held a hearing on the petition for renewal in September 2020. After hearing arguments from both parties, the court granted an "Order on Renewal of Order for Protection." CP at 7. The order was entered on a form created for use in deciding petitions to renew domestic violence orders for protection. *See* CP at 7 (footnote reference). The order granted the petition and renewed the "Order for Protection" entered under the superior court cause number on October 5, 2018, and extended the order for five years. The order granting renewal did not contain any findings of domestic violence or indicate the basis for renewal. Monk did not appeal this order.

In October 2023, Monk filed a motion to terminate the renewed protection order. The court held a hearing on the motion and, following argument by the parties, entered an order denying Monk's motion. Monk's timely appeal of this order is before us now.

ANALYSIS

1.  TIMELINESS OF APPEAL

Although Monk is appealing the trial court's denial of his motion to terminate the anti-harassment order, he fails to make any assignments of error regarding this decision.

Instead, all of Monk's assignments of error relate to decisions made in years past, with emphasis on the order entered in September 2020 that renewed the original anti-harassment order for five additional years. He contends that the 2020 order is void because the court lacked jurisdiction and the judge lacked authority to sign the order. Hunt responds that Monk failed to raise any challenges to the order he appealed and his challenge to the September 2020 order is untimely and should be dismissed.

Monk makes eight assignments of error within his appellate brief.[2] He contends that all of the judges recused from his case in 2018, but one of the recused judges signed an order amending the original anti-harassment protection order in 2018, one of the recused judges presided over a hearing in 2019, and one of the recused judges signed the September 2020 order renewing the anti-harassment order for five years. He also suggests that when the court renewed the protection order in September 2020 it erroneously converted the anti-harassment order into a domestic violence protection order without evidence or findings of prior domestic violence between the parties. Finally, he argues that his right to possess firearms was infringed by the order renewing the protection order.

---

[2] Monk adds five additional assignments of error in his reply brief. "This court does not consider [any argument] raised for the first time in a reply brief." *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990). A reply brief must be limited to "a response to the issues in the brief to which the reply brief is directed." RAP 10.3(c).

While Monk assigns error to several previous decisions, the issues he addresses in his opening brief focus on the September 2020 order. Thus, we consider the other assignments waived. *In re Marriage of Angelo*, 142 Wn. App. 622, 628 n.3, 175 P.3d 1096 (2008) (This court does not "consider assignments of error unsupported by argument or authority.").

The protection order entered in September 2020 was appealable as a final order. RAP 2.2(a)(1); LAWS OF 2019, ch. 245, § 11. Ordinarily, Monk's failure to appeal this order within 30 days after its entry would preclude any review of the order in a later appeal such as this. RAP 2.2(a)(1). Nonetheless, Monk is correct in arguing that an order that exceeds a court's subject matter jurisdiction is void and can be challenged at a later time. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994); *Bour v. Johnson*, 80 Wn. App. 643, 647, 910 P.2d 548 (1996). Here, the only argument Monk makes to justify appellate review of the September 2020 order is that it exceeded the court's jurisdiction because it was entered on a form intended to renew domestic violence protection orders whereas the anti-harassment protection order was not based on a prior finding of domestic violence. Monk fails to demonstrate that using the wrong form divested the court of subject matter jurisdiction.

"The determination of whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Bour*, 80 Wn. App. at 647. "A tribunal lacks subject matter jurisdiction when it attempts to decide a *type of controversy* over which it has no

5

authority to adjudicate." *Marley*, 125 Wn.2d at 539 (emphasis added). Here, the superior court had subject matter jurisdiction to enter orders related to the type of controversy presented in Monk's case, i.e., civil anti-harassment protection orders. LAWS OF 2019, ch. 245, § 11; *Ledgerwood v. Lansdowne*, 120 Wn. App. 414, 417, 85 P.3d 950 (2004).

While the form used by the court in September 2020 was intended to be used to renew domestic violence protection orders, the language of the order makes it clear that the court was renewing the civil anti-harassment order entered under this particular superior court cause number on October 5, 2018. And despite the footer on the form, the court did not issue nor renew a domestic violence protection order in September 2020. The order of renewal is not based on a finding of domestic violence. Even if it were error to use the form, the error does not divest the superior court of subject matter jurisdiction. *See Marley*, 125 Wn.2d at 541-42 (errors of law are distinct from jurisdictional flaws).

Monk also suggests that the judge who signed the renewal order in 2020 did not have authority to do so because he had recused from his case. The only evidence to support this contention is an email Monk received on October 18, 2018 from the superior court administrator simply stating that all of the judges had recused from his case. The email does not specifically identify which judges had recused, the reasons for the recusals, or the length of any recusal. There is no evidence in the record that Monk objected to the judge presiding over the hearing in 2020. Monk fails to demonstrate that the particular judge who signed the order in September 2020 had recused from his case.

Ultimately, the only challenges raised by Monk in this appeal pertain to orders previously entered and not appealed. Because Monk fails to show that the superior court lacked subject matter jurisdiction to enter these orders, his challenges are untimely. RAP 2.2(a)(1). The failure to file a timely appeal deprives this court of subject matter jurisdiction. *See O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995); *see also Nudd v. Fuller*, 150 Wash. 389, 390, 273 P. 200 (1928). "When a court lacks subject matter jurisdiction in a case, dismissal is the only permissible action the court may take." *Young v. Clark*, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003).

We deny Monk's request for court costs and dismiss the appeal as untimely.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

7