IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| In the Matter of the Marriage of | ) |
| | ) No. 33264-1-III |
| TRACY L. CORNEIL, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) UNPUBLISHED OPINION |
| | ) |
| CORY S. CORNEIL, | ) |
| | ) |
| Respondent. | ) |

SIDDOWAY, C.J. — Tracy Corneil appeals a $934.14 judgment in favor of her ex-husband, Cory Corneil, that was entered against wages owed her by her employer. The judgment followed a writ of garnishment served by her husband in an effort to collect on a judgment entered in June 2001 in this marital dissolution action. Ms. Corneil's real challenge is to earlier orders that fixed and extended the duration of Mr. Corneil's judgment against her.

She did not timely appeal the earlier orders and her notice of appeal of the judgment against wages owed by her employer was also filed outside the timeline required by RAP 5.2. We dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

Tracy Corneil and Cory Corneil divorced in 2001. The divorce decree awarded Ms. Corneil the family home and awarded Mr. Corneil

> the sum of $11,250.00 representing his equity in the family home valued at $102,000.00 payable upon sale/or refinance of the home or when Cody Corneil turns 18 years old or graduates high school, whichever occurs later.

Clerk's Papers (CP) at 85. A judgment in the $11,250.00 amount was entered in Mr. Corneil's favor, to bear interest of 6 percent per annum.

On November 15, 2004, Ms. Corneil refinanced the home. To facilitate her refinancing, Mr. Corneil signed a release of his lien against the home.

In June 2012, Cody Corneil graduated from high school. Shortly after Cody's graduation, Mr. Corneil reminded his ex-wife that the judgment was now due. She initially acknowledged the debt, made a payment of $1,800.00, and sent Mr. Corneil a note indicating that she wanted to pay the obligation off within a year.

When no further payments were made, Mr. Corneil took action to garnish her wages, only to receive a letter from her lawyer informing him that because he had released his lien and more than 10 years had passed following entry of his judgment, the judgment had ceased to be a lien or charge against his ex-wife. The letter informed him that "[a]ny future attempt to collect on this judgment will be disputed and defended, and my client will seek to recover her attorney fees and costs." CP at 22.

Mr. Corneil then successfully procured an order from a commissioner of the superior court determining that because his judgment against Ms. Corneil was not enforceable until November 15, 2004, at the earliest (the date on which the lien was released), the judgment was enforceable for at least the ensuing 10 years, or until, at the earliest, November 15, 2014. Ms. Corniel's motion for reconsideration of that order was denied. Mr. Corneil then successfully moved for an order extending the judgment for an additional 10 years, through November 14, 2024.

Mr. Corneil relied on the judgment to garnish the nonexempt portion of Ms. Corneil's wages from her employer on several occasions. The writ at issue in this appeal—Writ "E"—was filed on November 5, 2014. Ms. Corneil's employer answered the writ indicating that $934.14 of Ms. Corneil's wages from the period covered were subject to garnishment. A judgment on the employer's answer was entered on March 4, 2015.

Ms. Corneil relied on that judgment to file this appeal. Her brief challenges the underlying orders determining the duration of the judgment and extending it.

## ANALYSIS

Mr. Corniel asks us to dismiss the appeal as untimely. It was filed on April 6, 2015, which is 33 days after the judgment on answer to the writ of garnishment was entered.

3

In general, an appeal from a final judgment must be taken within 30 days, or the appeal will be dismissed as untimely. RAP 5.2. The timely filing of a notice of appeal from a judgment is a jurisdictional step in the perfection of an appeal. *Mackey v. Champlin*, 68 Wn.2d 398, 399, 413 P.2d 340 (1966). In order to perfect her appeal, Ms. Corneil needed to file her notice by Friday, April 3, 2015. She did not.

We enjoy discretion to excuse delay in an appeal under RAP 18.8(a), which provides that the appellate court may, "on its own initiative or on motion of a party, waive or alter the provisions of any of these rules and enlarge or shorten the time within which an act must be done in a particular case in order to serve the ends of justice." Our discretion is subject to RAP 18.8(b), which provides that we will "only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal."

Ms. Corneil has not moved the court under RAP 18.8 for an extension of the time within which to appeal, nor would we grant one if she had. She did not timely appeal the underlying order determining that the duration of Mr. Corneil's judgment against her extended to November 2014 or the order extending the judgment for another 10 years. The orders appear to have been appropriately entered in each case.

Both parties request attorney' fees, relying on RAP 18.1 and RCW 6.27.230, which provides for an award of fees to a party who successfully controverts a garnishee's answer. Neither Ms. Corneil nor Mr. Corneil controverted the garnishee's answer, so the

4

No. 33264-1-III
*In re Marriage of Corneil*

statute does not apply. Mr. Corneil also asks us to award fees on the basis of a frivolous

appeal. Although it is a close call, we decline to find the appeal frivolous.

The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

5